## MORGAN ET AL. *v.* OLVEY ET UX.

PARTNERSHIP.—*Real Estate.*—In order that real estate purchased by partners may be treated as not subject to sale as real estate to satisfy the personal debt of one of the partners during the continuance of the partnership and until all partnership debts have been paid, it must have been purchased for partnership purposes.

DEMURRER.—*Practice.*—Sustaining a demurrer to a good paragraph of answer is not an available error, if, on the trial, all the evidence that would be admissible thereunder be introduced without objection.

FRAUD.—*Not to be Presumed.*—Fraud is not to be presumed, but must be established like any other fact in controversy.

SAME.—*Fraudulent Conveyance.*—*Evidence.*—In an action to set aside as fraudulent a conveyance of real estate, and to subject the real estate to sale to satisfy a judgment against the grantor, the necessity of resorting to such real estate should be proved.

From the Hamilton Circuit Court.

*T. J. Kane* and *A. F. Shirts,* for appellants.

*D. Moss, J. W. Evans* and *R. R. Stephenson,* for appellees.

BUSKIRK, J.—This was a proceeding by the appellees, Elizabeth Olvey and her husband, against James and Elias Morgan, to set aside as fraudulent a conveyance of certain real estate from Elias to James Morgan, and to subject the same to sale to satisfy a judgment in favor of the female plaintiff and against the said Elias Morgan.

There was issue, trial by jury, and verdict for plaintiffs, and, over a motion for a new trial, judgment on the verdict.

The errors assigned call in question the action of the court in overruling a demurrer to the complaint, in sustaining a demurrer to the second paragraph of the separate answer of

James Morgan, and in overruling the motion for a new trial. The complaint is unquestionably good. Hence, the demurrer thereto was properly overruled.

All the facts alleged in the second paragraph of the answer were admissible under the general denial, except the averment that the land in question was purchased by the appellants as partners; and these averments are not sufficient. It is alleged that the land in controversy was purchased by the appellants as partners, they being partners in the purchase and sale of stock, but it is not alleged that it was purchased for partnership purposes.

Real estate purchased by partners, with partnership funds and for partnership purposes, is treated as personalty, and is not subject to be sold as real estate to satisfy the personal debt of one of the partners, during the continuance of the partnership and until the partnership debts are all paid. Partnership property is primarily liable to the payment of partnership debts. The interest of the partners in such partnership property is in the surplus remaining after the payment of partnership debts.

There is no averment that the land in question was necessary or purchased to carry out the objects of the partnership. *Huston* v. *Neil*, 41 Ind. 504, and authorities there cited. There was no error in sustaining the demurrer to the second paragraph of the answer. Besides, the appellants were permitted, without objection, to prove, under the general denial, all the facts relating to such partnership. If the answer had been good the error would have been a harmless one.

We next inquire whether the court erred in overruling the motion for a new trial.

The appellants complain of the instructions given. We have carefully examined them, and are entirely satisfied that no error was committed of which the appellants can complain.

But the judgment must be reversed for a failure of the evidence to sustain the verdict and judgment. The complaint alleged the recovery of a judgment in the Tipton Cir-

cuit Court by the female plaintiff against Elias Morgan ; the
filing of a certified copy thereof in the Hamilton Circuit
Court, where the land was situated; that Elias had conveyed
his undivided interest in said real estate to his father, for the
purpose of cheating and defrauding the said judgment plain-
tiff; that his father had accepted of such conveyance with
full knowledge of the fraudulent purpose of the said Elias,
and held the same for the fraudulent purpose of preventing
the collection of the said judgment; and that the said Elias
had no other property that was subject to levy and sale to
satisfy said judgment.    These averments were sufficient to
make the complaint good, but they were not proved upon
the trial.    The recovery of the judgment, the filing of the
transcript, and the conveyance from Elias to James were
fully proved by the plaintiffs; but there was no evidence
that Elias conveyed, and that James accepted of such convey-
ance, for the purpose of cheating, hindering, delaying or
defrauding the plaintiffs.    On the other hand, it was proved
by the appellants that the land in question was purchased
by James and Elias in partnership, and mostly on credit;
that, in consideration of said conveyance, James paid Elias
two hundred dollars, and assumed the payment of said part-
nership debts; that the land was sold for its full value; and
that when the conveyance was made James had no knowl-
edge that Elias was indebted to the female plaintiff, the
deed having been made before the rendition of the judg-
ment.

There was no attempt made by the appellees to contradict,
explain, or in any manner to overcome the evidence offered
by the appellants.    Nor was there any evidence that Elias
did not have other property subject to levy and sale with
which said judgment might have been satisfied.

The evidence of the plaintiffs wholly failed to establish
fraud, or a necessity of resorting to the property in question.
The evidence of the defendants shows a legal and *bona fide*
transaction.

Fraud is not to be presumed, but must be established like any other fact which may be in controversy.

It is a clear case of failure of evidence to sustain the material averments of the complaint. The judgment cannot be sustained.

The judgment is reversed, with costs; and the cause is remanded for a new trial.