EIDEN vs. EIDEN and wife.

EQUITY: EVIDENCE: BURDEN OF PROOF. *(1) Proof of delivery in case of unrecorded deed alleged to have been destroyed by grantor. (2) Evidence of a consideration irrelevant in such a case.*

1. In an action to quiet the title to land, by one in possession, who alleges that defendants conveyed the land to him, but have since destroyed the deed, which was never recorded, plaintiff must show, by a preponderance of evidence, that a deed of the land running to him was not only executed and acknowledged by defendants, but also *delivered* to him by them or

Eiden vs. Eiden and wife.

with their consent; and in this case the evidence is *held* insufficient to establish such delivery.

2. Under the complaint, the question whether plaintiff had paid or furnished a consideration and was entitled to a conveyance in the first instance, is irrelevant, and evidence upon that question was properly rejected; the only issue being, whether such a conveyance was ever in fact delivered.

APPEAL from the Circuit Court for *Portage* County.

This is an action brought under sec. 29, ch. 141, R. S., to quiet the title to a certain parcel of land. It is alleged in the complaint that the defendant *Nicholas Eiden* (who was then the owner of the land in controversy), and his wife, the defendant *Mary Eiden*, in October, 1872, executed in due form and delivered to the plaintiff a conveyance of the land in controversy, for a valuable consideration; that such deed was not recorded, but was placed by the plaintiff with his other papers, where it remained until a few days before the action was commenced, when it suddenly disappeared; that the same was taken by or for the defendants, and concealed or destroyed; that the land is in the possession of the plaintiff; and that the defendants claim that they have the legal title thereto. Prayer that the defendants be adjudged to release to the plaintiff all claims to the land, and to pay the costs of the action, and for general relief.

In their answer, the defendants deny that they ever made and delivered a deed of the land to the plaintiff, and aver that the title to the land in fee simple is in the defendant *Nicholas Eiden*.

It appears from the evidence, that in October, 1872, the defendants signed, sealed and acknowledged two deeds of conveyance, duly attested, one of certain land to two sons of defendants, Nicholas and John, and the other of the land in controversy to the plaintiff; that such deeds were deposited by the defendant *Mary* in a trunk kept in her custody, and remained there until several months afterwards, when the defendant *Nicholas* destroyed the deed to plaintiff, and delivered

the other deed to Nicholas and John, who caused the same to be recorded; and that the plaintiff had occupied the land in controversy, and paid the taxes thereon, for twelve years before this action was commenced, and still occupies the same.

The question litigated on the trial was, whether the deed to the plaintiff was ever delivered so as to vest in him the title to the land described therein. The circuit judge found that there had been no delivery of the deed, and rendered judgment for the defendants confirming their title to the land, and for costs. From this judgment the plaintiff appealed.

The cause was submitted on the briefs of *James O. Raymond* for the appellant, and *Jones & Sanborn* for the respondents.

For the appellant it was contended, that where the existence and contents of a deed are not denied, the mere question of its delivery should be determined by the preponderance of evidence; that there was such a preponderance of evidence in this case to establish the fact of delivery; and that the court erred in excluding a part of the evidence to show a *consideration*, since proof of a consideration would tend to make it probable that the deed had been delivered.

For the respondents it was argued, that the burden was on the plaintiff to satisfy the court, by clear and convincing proof, that the deed had been delivered to him (3 Wash'b. R. P., 579; 1 N. J. Eq., 436); and that the clear preponderance of evidence in this case was against the delivery.

LYON, J. If the deed of the defendants to the plaintiff was delivered by them to the latter, the title to the land therein described vested in him, and he is entitled to the specific relief demanded in the complaint. If not so delivered, the action fails, and the judgment appealed from should not be disturbed. Hence the question of such delivery is a controlling one in the case.

The plaintiff testified on the trial, that he was not present

when the deed was drawn and signed, but that, in the evening of that day, the justice who drew it and before whom it was acknowledged, brought it to his store and delivered it to him, and he paid the justice his fees therefor; that, having no convenient place to keep it, he took it to his father's house the same evening, and gave it to his mother (the defendant *Mary*) for safe keeping, and she put it away in a trunk; and that, about six months after, he saw the deed in such trunk, and has not seen it since.

A witness for plaintiff (his father-in-law) testified that he was present when the deed was made, and heard the defendant *Nicholas* tell the justice to give the boys their deeds to the land, and that he saw the justice put the deed to the plaintiff in his pocket and go away with it. Another witness testified that he saw the plaintiff give the deed to his mother, and heard him tell her to take care of it.

The justice was called as a witness on behalf of the plaintiff, and testified that he could not remember whether he gave the deed to plaintiff or not, but testified positively that the defendant *Nicholas* did not direct him to do so.

Both defendants and their son Nicholas testified that the deed was not taken from the house by the justice, but was immediately placed in the trunk by *Mrs. Eiden*, by direction of her husband. The defendant *Nicholas* testified that, being on the point of starting for Europe, he executed those deeds so that his sons might not be wronged in case any accident might befall him, but without any intention of presently passing the title to the land to his boys; that he never authorized the delivery of the deed to the plaintiff; that on his return from Europe in the following spring, he found that the plaintiff was disobedient to his commands, and he thereupon took the deed to the plaintiff from the trunk and destroyed it, and delivered the other deed to his other sons, who were more obedient. This testimony is corroborated by that of his wife and his son Nicholas. There was some other testimony in

the case bearing upon the controverted question, but not of sufficient importance to be entitled to special mention.

The burden is upon the plaintiff to prove, by a preponderance of the evidence, that the deed was delivered to him by the defendants, or by their direction. If he ever had the deed, he received it from the justice. But that would be no legal delivery unless the justice was authorized thereto by the grantors, or at least by the defendant *Nicholas*. To prove such authority the plaintiff has but one witness, his father-in-law; while the authority is positively denied by the justice and both defendants, and inferentially by Nicholas, Jr.

Such being the evidence, it is quite impossible for us to say that it preponderates in favor of the theory that the justice was authorized to make delivery of the deed. Moreover, it would be difficult to say from the proofs that the plaintiff ever had the deed in his possession or under his control.

The following question was put to the plaintiff in his own behalf, when he was testifying in the case: "State how long you worked for your father, after you became twenty-one years of age, before the deed was given to you." The court sustained an objection to the question, and the ruling is assigned as error. It is stated in the brief of counsel for the plaintiff, that the object of the question was to show that there was a valuable consideration paid by the plaintiff for the land. When the question was put, the plaintiff had just testified that his father gave him the land; and there is nothing in the evidence showing or tending to show that the plaintiff paid a valuable consideration for it. And were the facts otherwise, it is of no importance. Were this an action to compel the defendants to convey land which the plaintiff had bought and paid for, but which they refused to convey, the testimony called for by the question as explained would be pertinent to the issue. But this is an action of a very different nature. To recover, the plaintiff must show, not only that he is in actual possession of the land, but that he has the legal title

thereto. To establish his legal title, he must show that the deed under which he claims was delivered to him. Proof that his father owed him for work does not prove, or tend to prove, such delivery. Hence, the testimony called for by the question is immaterial, and there is no error in the ruling.

We find nothing in the record to justify a reversal of the judgment.

*By the Court.* — Judgment affirmed.