Rogers vs. Rogers.

ROGERS vs. ROGERS.

*September 3 — September 27, 1881.*

DEEDS.   *(1) Delivery not affected by redelivery and destruction.   (2) When separate declaration of trust not binding on grantee.*

1. The legal effect of the delivery of a deed of conveyance, by the grantor to the grantee, with intent to pass the title, is not altered by its subsequent redelivery to and destruction by the grantor.
2. The grantee in a deed is not affected by a declaration of a trust as to the lands conveyed, made by the grantor in a separate paper, not referred to in such deed, nor assented to or even known by the grantee when he took the title.

APPEAL from the Circuit Court for *Racine* County.

Action to establish plaintiff's title to certain lands, and to compel a redelivery to him of a certain deed of said lands, etc.

The defendant is over eighty years of age, and is the father of the plaintiff. They were both residing upon the premises in question during the time referred to in the complaint. The son had a family, and was keeping house, and the father was living with him. The title of the land was in the father. Some time prior to 1878, the father executed a regular warranty deed of the premises, running to the son, and made perfect in all respects, and subsequently, in the presence of a witness called by the father for that purpose, formally delivered the deed to the son, for the express purpose of having the deed go into effect; and thereupon the witness, by the direction of the father, wrote upon the back of the deed, "Delivered to-day this deed," giving the date and signing his name to it. The deed recited a consideration of $100 or $150. After such delivery, the deed was placed in a package containing other papers belonging to each of them, and on the back of the package was written, "Deliver to *Samuel S.* or *Samuel T. Rogers*, on call;" and thereupon the package was placed on deposit in the bank by the son. Subsequently the

father went to the bank, took the deed from the package, and burned it up. The above facts are not disputed. It is also claimed, upon the part of the father, that the deed was without consideration; that prior to its delivery he had prepared a declaration of trust, stating how he desired his son to dispose of the land described in the deed, and of his personal property; that the same was in the package at the time the deed was delivered, but was not taken therefrom, nor anything said about it; and that the father took the declaration of trust from the package at the time he took the deed, and destroyed them both; and it is urged that the son must have known of ₋ne existence of the declaration of trust, as he had access to the package in which it was contained, and made some admissions to some of the witnesses indicating that he had such ₋nowledge. The son, on the contrary, claims that he had, long prior to the delivery of the deed, advanced to his father a large amount of money, which he had used and which was never repaid; and that the deed was given in satisfaction of that claim, but with the understanding and agreement that the father might use and occupy the premises during the term of his natural life; and he denies ever having assented to or having any knowledge of the existence of the alleged declaration of trust. The father admits that he received $2,900 of the son and never paid it back, and insists that the son never asked for it, but claims that the same was disbursed by him with the knowledge and consent of the son, and in such ways that he was not accountable therefor.

The court found, in effect, that there was no consideration for the deed, and, although it was delivered as alleged, yet the plaintiff knew at the time of the existence of the declaration of trust, and the motive and object in executing that and the deed, and that they were to remain in the custody and control of the defendant during his life, subject to any modification or disposition he saw fit to make in relation to them, and hence that there was no delivery of the deed to take effect as

such. Judgment was entered accordingly, dismissing the complaint; and plaintiff appealed therefrom.

For the appellant there were briefs by *Fish & Dodge*, and oral argument by *Mr. Fish.*

For the respondent there was a brief by *Winslow & Brownson* and *J. V. Quarles,* and oral argument by *Mr. Quarles* and *Mr. Winslow.*

CASSODAY, J. If the father did not intend that the deed should take effect, he should have kept it himself or placed it in the hands of a stranger, and not have delivered it to his son, the grantee. *Lowber v. Connit,* 36 Wis., 176.

In *Hinchliff v. Hinman,* 18 Wis., 130, it was held that "where one has executed a deed of land, and delivered it to the grantee with intent to pass the estate, the legal effect of such delivery will not be altered by the fact that both parties supposed that the deed would not take effect until recorded, and might be revoked at any time before record." To the same effect is *Bogie v. Bogie,* 35 Wis., 659. Here the undisputed evidence clearly shows that the very object of the respondent in delivering the deed was to give it effect. Would the fact that after such delivery the son handed the deed back to the father, who placed it in the package and then handed the package back to the son for deposit, and the subsequent destruction of the same, as claimed by the father, operate as a cancellation of the deed? In *Parker v. Kane,* 4 Wis., 1, it was held that "the cancellation or destruction of a deed of conveyance of lands, by the consent and agreement of the parties, does not operate to revest the title in the grantor." To the same effect are *Wilke v. Wilke,* 28 Wis., 296; *Hilmert v. Christian,* 29 Wis., 104; *Bogie v. Bogie,* 35 Wis., 659.

In view of these well-settled principles, we must hold that immediately upon the delivery of the deed by the father to the son it became effectual, and vested the legal title to the land described in the son. There is no claim that the father ever

delivered to the son the alleged declaration of trust, much less that the son ever accepted or undertook to perform such trust, or ever signed any paper agreeing to do so. Assuming that the father, prior to the delivery of the deed, had drawn a declaration of trust, and that the same was in the package at the time of such delivery, and that the son subsequently, having access to the package, saw it and knew its contents, as urged by counsel, yet would such facts prevent the legal title from being vested in the son by the delivery of the deed, or operate to divest the title after it was so vested? We are clearly of the opinion that they would not. There is no claim that there was any declaration of trust in the deed, nor that there was anything in the deed making any reference to the alleged declaration of trust, or to any other paper. We are unable to find evidence in the case which would authorize us in holding that the relation of trustee and *cestui que trust* was ever assented to by the son, much less created at the time of the delivery of the deed. The circuit court seems to have reached the same conclusion in this regard, otherwise judgment would have been entered preserving and making effectual the alleged trust, instead of dismissing the complaint and treating the deed as a nullity. In fact, it is the theory of counsel for the respondent that neither the deed nor the declaration of trust ever went into effect, but that they together were, in substance, an ineffectual last will and testament, which, if they had been effectual, would have been revocable at pleasure. But this theory is sufficiently disposed of by our holding that the delivery of the deed was effectual to pass the legal estate to the grantee.

The evidence strongly tends to show that the private and business relations of the father and son were, at the time of the delivery of the deed, and for a long time prior thereto had been, quite intimate and confidential, and that the father had received money of the son which he had failed to repay; and as the father had become very old, it would seem that he concluded to obviate the making of a will, for which he seemed

to have an abhorrence, and convey this land to his son, with the expectation that he would, to a certain extent, become the almoner of his other children; and we are inclined to believe that the alleged declaration of trust was nothing more than a statement written out by the father for the purpose of leaving the same at his death as a suggestion to the son in that respect, but without intending to make it binding upon him. But, subsequently to the delivery, their friendly relations were for some cause interrupted, and hence a different disposition of the land became desirable.

The equity of the complaint is denied. This, however, is not an action to compel the respondent to convey the land, but merely to quiet the title and restore the evidence of a title already vested in law. In such a case it would seem to be unnecessary to allege and prove that there was a good consideration for the deed which vested the title. *Eiden v. Eiden*, 41 Wis., 460. In the case at bar, however, we think there was a good consideration for the deed.

*By the Court.*— In view of the admissions in the complaint, and the offer of the counsel for the appellant on the argument in this court, we hereby reverse the judgment of the circuit court, and remand the cause with direction to enter judgment according to the relief demanded in the complaint, but with and subject to the condition that the defendant shall have the exclusive right to the use and occupancy of the premises described, during the term of his natural life.