The Old National Bank of Evansville *v.* Findley.

<hr>

No. 14,831.

THE OLD NATIONAL BANK OF EVANSVILLE *v.* FINDLEY.

REAL ESTATE.—*Conveyance.*—*Equitable Title.*—*Purchaser with Notice.*—*Execution Creditor.*—*When not bona fide Purchaser.*—A. executed a deed to B. for certain real estate on the 19th day of October, 1885. B. thereafter sold the land to C. and delivered the deed he had received from A. to C.'s agent, and the same, not having been recorded, was destroyed, and A. made a conveyance directly to C. Subsequently A. executed another deed to B., reciting as a reason for so doing the loss or destruction of the prior deed. C. afterward conveyed the land to D.

*Held,* that D. acquired a good title to the land as against an execution creditor whose claim rested upon a sheriff's sale made on a judgment rendered on the 26th day of February, 1886, against A. and others.

*Held,* also, that at the time the judgment was rendered, A. had no estate or interest in the land upon which the judgment could fasten, and that B. was the equitable owner of the land, if not the legal owner, and that against a prior equitable title a judgment can not prevail.

*Held,* also, that C. being a *bona fide* purchaser in all that the term implies, her grantee acquired title even if he purchased with notice.

The Old National Bank of Evansville *v.* Findley.

*Held*, also, that an execution creditor who buys at his own sale is not a *bona fide* purchaser within the meaning of the law.

SAME.—*Statute of Frauds.*—*When Creditor can not Take Advantage of.*—A creditor can not take advantage of the statute of frauds to avoid a sale of lands made by the debtor, although the latter might have done so if he had elected.

·SAME.—*Conveyance to Defraud Creditors.*—*Innocent Grantee.*—*Protection of.*—Presumption of Good Faith.—If a conveyance is made with intent to defraud creditors, and the grantee does not participate in the fraud, and pays a valuable consideration for the realty, his rights and the rights of his grantees are secure against such creditors. The presumption is in favor of good faith, and unless overcome makes a *prima facie* case.

SAME.—*Voluntary Return of Deed.*—*Title not Revested.*—The voluntary return of a deed to the grantor for the avowed purpose of cancellation does not revest the grantor with title. *Speer* v. *Speer*, 7 Ind. 178, and *Thompson* v. *Thompson*, 9 Ind. 323, distinguished.

From the Vanderburgh Circuit Court.

*J. E. Iglehart* and *E. Taylor*, for appellant.

*J. T. Walker*, for appellee.

ELLIOTT, C. J.—Both parties claim title to the land which is here the subject of controversy through John McDonald. The claim of the appellant rests upon a sheriff's sale made on a judgment rendered on the 26th day of February, 1886, against McDonald and others. The appellee claims title directly through a conveyance executed to him by Elizabeth Seifert, and she claimed through deeds executed to her by McDonald and by John Woolley. Woolley asserted title through a deed executed to him by McDonald on the 19th day of October, 1885, but which was destroyed. To supply the place of the deed executed to Woolley McDonald executed another deed on the 28th day of May, 1886, wherein it was recited that a deed was executed to McDonald on the 19th day of October, 1885, and that it had been lost or destroyed. Woolley testified that he bought the land from McDonald and received a deed, and that it was five or six months before he conveyed the land to Mrs. Seifert. He also testified that he gave her the deed executed to him by McDonald. McDonald's testimony was substantially the

same as that of Woolley upon the points stated, but he fixed the date of the deed to Woolley as the 19th day of October, 1885. McDonald further testified that when the sale was made to Mrs. Seifert the deed to Woolley had not been recorded, that the interested parties brought it to him and desired him to make a deed directly to Mrs. Seifert, and that the deed to Woolley was then destroyed.

The appellant's counsel argue with ability and earnestness that the trial court erred in allowing the appellee to prove by parol the contents of the deed executed by McDonald to Woolley in October, 1885. Their position is that as the grantors of Findley voluntarily destroyed the deed, oral evidence of its contents was not competent. But we do not find it necessary or proper to decide this question, for we regard the judgment below as so clearly right that we could not reverse, even if we should hold that the oral evidence was erroneously admitted.

If McDonald had no estate or interest in the land at the time the judgment was rendered, the appellant's purchase at the sale made by the sheriff conferred no right or title. The estate or interest a debtor has in the land is all that the lien of a judgment reaches, and where there is no actual interest or estate there is nothing to which the lien can attach. It is firmly settled, and settled on solid principle, that a judgment lien yields to prior equities, binding only the actual interest or estate of the debtor. *Shirk* v. *Thomas*, 121 Ind. 147, and cases cited; *Paxton* v. *Sterne*, 127 Ind. 289; *Ribelin* v. *Peugh*, 126 Ind. 216; *Johnson* v. *Hess*, 126 Ind. 298; *Boyd* v. *Anderson*, 102 Ind. 217.

We regard the evidence as very clearly showing that at the time the judgment was rendered McDonald had no estate or interest in the land upon which the judgment could fasten. Woolley was the equitable owner of the land, if not the legal owner, and against a prior equitable title a judgment can not prevail. *Glidewell* v. *Spaugh*, 26 Ind. 319; *Hays* v. *Reger*, 102 Ind. 524; *Foltz* v. *Wert*, 103 Ind. 404;

*Wright* v. *Tichenor*, 104 Ind. 185 ; *Wright* v. *Jones*, 105 Ind. 17 ; *Taylor* v. *Duesterberg*, 109 Ind. 165 ; *Harral* v. *Gray*, 10 Neb. 186 ; *Mansfield* v. *Gregory*, 8 Neb. 432.

The general rule affirmed and illustrated by many cases is that an execution creditor who buys at his own sale is not a *bona fide* purchaser within the meaning of the law. *Boos* v. *Morgan*, 130 Ind. 305 ; *Branch* v. *Faust*, 130 Ind. 538, and cases cited.

In this case Mrs. Seifert was a *bona fide* purchaser in all that the term implies. She acquired whatever title McDonald and Woolley could convey, and that title, even if it was no more than an equitable one, will prevail against that of the appellant. As she was a *bona fide* purchaser her grantee acquired title, even if it be true that he purchased with notice. *Trentman* v. *Eldridge*, 98 Ind. 525 (538).

A creditor can not take advantage of the statute of frauds to avoid a sale of lands made by the debtor, although the latter might have done so if he had elected. *Dixon* v. *Duke*, 85 Ind. 434 ; *Boyce* v. *Graham*, 91 Ind. 420 ; *Cool* v. *Peters, etc., Co.*, 87 Ind. 531 ; *Savage* v. *Lee*, 101 Ind. 514 ; *Wolke* v. *Fleming*, 103 Ind. 105 ; *Foltz* v. *Wert, supra ; Bodkin* v. *Merit*, 102 Ind. 293 ; *Burrow* v. *Terre Haute, etc., R. R. Co.*, 107 Ind. 432.

If it should be granted that there was no written evidence of the conveyance to Woolley, the rule we have stated carries the case against the appellant, inasmuch as Woolley bought the land and paid a valuable consideration for it, thus acquiring an equitable title, if nothing more.

We can not agree with appellant's counsel that the evidence shows that McDonald conveyed the land to Woolley for the fraudulent purpose of cheating his creditors, but the concession that he did so would not entitle the appellant to a recovery, for there is no evidence that Woolley participated in his alleged fraudulent design, and without such evidence the rights of Woolley and his grantees are secure against creditors. The presumption is in favor of good

faith, and, unless overcome, such a presumption makes a *prima facie* case. *Louisville, etc., R. W. Co.* v. *Thompson,* 107 Ind. 442; *Bates* v. *Pricket,* 5 Ind. 22; *Adams* v. *Slate,* 87 Ind. 573 (575). There is no evidence sufficient in probative force to destroy the presumption, and it must stand.

The destruction of the deed executed to Woolley in October, 1885, was not done pursuant to a fraudulent design or to accomplish an illegal object. It was brought about by a mistake and without any evil intention. Nor was the deed destroyed by the grantee of Woolley, but by persons who assumed to act as her agents, and who probably exceeded their authority. The evidence upon this point comes from McDonald who said : " I think the deed that I delivered to John Woolley was at that time given back to me. I think Louis Seifert and James Henson brought the deed back. I said, 'You had better record the deed you have,' and they said, ' No, make another deed, and it will save the cost of recording one deed,' and I did, and I think they destroyed that deed right in my office." Woolley's testimony supplements that of McDonald, in that it shows that he sold the property to Mrs. Seifert and at the time, as he thinks, he gave the deed McDonald had executed to him to Henson. There is no evidence that in the slightest degree impeaches or contradicts the testimony of the witnesses named. The fair and legitimate inference from this testimony is, that Mrs. Seifert bought the land in good faith, that she and her grantor believed that the latter had title, so that there is no ground— not the slenderest—to rest an inference of bad faith upon, or to warrant a disregard of the presumption that all the parties acted honestly. To such a case the maxim, " Every presumption is made against a wrongdoer," can have no application for the obvious reason that there was no wrongdoer. There was no evil design nor any fraudulent purpose. This case differs from *Thompson* v. *Thompson,* 9 Ind. 323, in the essential particular that here the destruction of the deed could not by any possibility have benefited Mrs.

Seifert, but, on the contrary, if it had any effect at all it was against her interest, whereas in the case referred to the person who destroyed the instrument might have reaped some advantage from its destruction. What we have said of *Thompson* v. *Thompson, supra,* is substantially true of *Speer* v. *Speer,* 7 Ind. 178.

We should be strongly inclined to hold, if a judgment upon the point were required, that in a case such as this, where there is no evidence of wrong or of evil design, and the act could not benefit the party, the voluntary destruction of a deed does not preclude the party from giving parol evidence of its contents; but, as we have said, the case does not require a decision upon that point. We do, however, adjudge that the destruction of the deed does not preclude a recovery upon the facts. *Schaeffer* v. *Fithin,* 17 Ind. 463; *Rudolph* v. *Lane,* 57 Ind. 115; *Riggs* v. *Taylor,* 4 Wheat. 483. If the deed had not been destroyed, Woolley would have had the clear legal title, and that of his grantee would have been all the clearer and stronger, so that its destruction was hostile to her interest, but, as it is, Woolley had title, and that title, whatever it was, his grantee acquired.

The voluntary return of a deed to the grantor for the avowed purpose of cancellation does not revest the grantor with title. In *Rinker* v. *Sharp,* 5 Blackf. 185, the court said: " The cancelling a deed by which land has been conveyed by the mutual consent of the parties, or returning it by the vendee to the vendor, does not effect a reconveyance of the property." This is the sound and accepted doctrine. *Rogers* v. *Rogers,* 53 Wis. 36 (40 Am. R. 756), and cases cited; *Wallace* v. *Berdell,* 97 N. Y. 13; *Strawn* v. *Norris,* 21 Ark. 80, and cases cited.

In *Botsford* v. *Morehouse,* 4 Conn. 550, the grantee, finding himself unable to pay all of the purchase-money, returned the deed to the grantor for the purpose of revesting him with title, a creditor of the grantee levied upon the land, and it was held that the levy was effective, for the reason that the

title still resided in the grantee. Other cases assert a similar doctrine. *Raynor* v. *Wilson*, 6 Hill, 469 ; *Hinchcliff* v. *Hinman*, 18 Wis. 139; *Cunningham* v. *Williams*, 42 Ark. 170 ; *Starr* v. *Starr*, 1 Ohio, 321 ; *Tibeau* v. *Tibeau*, 19 Mo. 78 (59 Am. Dec. 329) ; *Warren* v. *Tobey*, 32 Mich. 45. If title does not revest where there is a direct purpose to revest it, much stronger the reason why it can not do so where there is no such purpose. Here there was no purpose to revest title in the grantor; on the contrary, the purpose of the parties was to vest title in Mrs. Seifert, and no other was entertained. The purpose was plain, the error, if there was error, was in executing it. There can, at all events, be no doubt that the title did not revest in McDonald, and if it did not, no matter where else it vested, the appellant's judgment is not a lien. Whatever view may be taken of the case the appeal must fail.

