Fulp *v.* Beaver *et al.*

No. 16,439.

FULP *v.* BEAVER ET AL.

CONCLUSIONS OF LAW.—*Exceptions to.—Effect.—Practice.*—Where a party excepts to conclusions of law, he thereby admits that the facts were fully and correctly found by the court.

FRAUD.—*Presumption.—Special Finding.*—Fraud is never presumed, but must be proved by the party alleging it, and where there is no finding of fraud, it must be presumed that no fraud was proved, the burden being upon him who alleges it.

FRAUDULENT CONVEYANCE.—*Husband and Wife.—Preëxisting Debt.— Real Estate.—Damages.*—Where a husband, through a third party, conveyed all of his land of the value of $1,500, to his wife, in discharge of a preëxisting debt of $1,200, owing her, for money borrowed from her, which debt the husband had acknowledged and promised to pay, such conveyance is not fraudulent as against one who, previous to the conveyance, acquired a right of action for damages against the husband.

From the Lawrence Circuit Court.

*N. Crooke* and *M. Owen,* for appellant.

*M. F. Dunn,* for appellees.

HOWARD, C. J.—This was an action brought by appellant, to recover damages from the appellee Levi P. Beaver for personal injuries, and to set aside as fraudulent certain conveyances of real estate and subject such real estate to the payment of such damages.

At the request of the appellees, the facts were found specially by the court, and the appellant contends that the court erred in its conclusions of law on the facts so found.

The court found that the parties were, at the time of the injuries complained of, the owners of adjoining farms, and that there had been, for a long time, an unfriendly controversy between them as to the line fence dividing their farms.

On the 18th day of November, 1889, this quarrel be-

Fulp *v.* Beaver *et al.*

ing renewed, resulted in the shooting of appellant by the appellee Levi P. Beaver, by reason of which appellant was made a cripple for life.

On the day of said shooting, and for many years previous, the appellee Levi P. Beaver was the owner and in possession of the farm described in the complaint. On the 15th day of February, 1890, the appellees, who are husband and wife, conveyed said land to one David Newkirk, a brother-in-law of Levi P. Beaver; and, on the 19th day of February, 1890, said Newkirk and wife conveyed the same land to the appellee Sarilda A. Beaver. The consideration named in each of said deeds was $1,200; but no money was paid, nor was any evidence of indebtedness executed in either case.

In the year 1877 the father of the appellee Sarilda A. Beaver gave her $425. At the time, she was the wife of her co-appellee, and loaned him said sum, which he agreed to repay her. This $425 was, by Levi P. Beaver, invested in a part of the land in controversy.

In the year 1884, while appellees were living together as husband and wife, the appellee Sarilda kept boarders, collected the money therefor, and, with her husband's knowledge and consent, retained the same as her own, to the amount of $350, which, in September, 1884, she also loaned to her husband. Levi P. also acknowledged this indebtedness and agreed to pay the same back to his wife; and the money was by him invested in the erection of a dwelling house upon said land.

The purpose for which the land was conveyed to Newkirk was that he might convey it to Sarilda A. Beaver, and the real consideration was the cancellation of the indebtedness above stated, for the money so loaned by her to her husband. The true value of the land conveyed was and is $1,500.

At the date of the conveyances aforementioned, Levi

P. Beaver owned no other real estate, nor has he owned any since. He was, at said date, the owner of no personal property except about $75 worth, and has since owned no other personal property.

The indebtedness of Levi P. Beaver to his wife was never listed by her for taxation; nor did she ever so list any property until 1890, when her personal property was listed for $292. Levi P. Beaver's personal property was listed for taxation in 1887 for $269; in 1888, for $270; in 1889, for $407, and in 1890, for $43.

As conclusions of law, on the issue as to damages, the court found that the appellant should recover of the appellee Levi P. Beaver the sum of $1,500; and on the issue as to fraudulent conveyances, the conclusion was for the appellee Sarilda A. Beaver.

The question for decision is whether the conclusion of law in favor of the appellee Sarilda A. Beaver is correct.

By his exception to the conclusions of law, the appellant admitted that the facts were fully and correctly found by the court. *Hartman* v. *Aveline*, 63 Ind. 344; *Helms* v. *Wagner*, 102 Ind. 385.

It is also the law that if the facts found leave some issues undetermined, such issues will be regarded as not proved by the party having the burden of proof. *Graham* v. *State, ex rel.*, 66 Ind. 386; *Glantz* v. *City of South Bend*, 106 Ind. 305.

It was alleged in the complaint in this case, that the conveyances named in the special findings were made for the purpose and with the intent to cheat, hinder, and delay appellant from the collection of any damages that might accrue from the injuries caused to appellant by the appellee Levi P. Beaver. The burden of proving the fraud alleged was upon the appellant. As there was no

finding of fraud against the appellees, or either of them, in the making of the conveyances, we must therefore conclude that no such fraud was proved.

In addition, it may be observed that fraud is never presumed, but must be proved by the party alleging it; the presumption is always against bad faith.    *Stewart* v. *English*, 6 Ind. 176; *Morgan* v. *Olvey*, 53 Ind. 6; *Phelps* v. *Smith*, 116 Ind. 387.

Appellant also contends that the conveyances must be held fraudulent for the want of sufficient consideration. The court finds, that in the year 1877, thirteen years before the making of the conveyances, the father of Sarilda A. Beaver gave to her, in money, $425, which she loaned to her husband, Levi P. Beaver; that he acknowledged the debt to her for the same and agreed to repay her, and that this money was by him invested in a part of the land described.    The court also found, that in 1884, six years before the date of said conveyances, she earned $350 in keeping boarders; that she retained this money with the knowledge and consent of her husband; that in September, 1884, she loaned this money also to her husband, and that he invested the same in placing a dwelling house on said land; that he acknowledged his indebtedness to her therefor and promised to repay her. The court further finds that the consideration for the conveying of said land to Sarilda A. Beaver was the cancellation of the debt so due her by her husband.

There is no question that the payment of the $425 given the wife by her father was a good consideration in part for the deed given her.    As to the $350 board money, while it was perhaps primarily the money of the husband, yet if she retained it with his knowledge and consent, and afterwards loaned it to him in good faith, and if he invested it in a dwelling house and acknowledged his indebtedness therefor to her, and there was

no fraud intended by her in the transaction, it would seem that this $350, as well as the $425, was a valid debt due her by her husband. Those transactions took place many years before any liability had arisen from the husband to the appellant; and if the husband, after such liability, chose to secure and pay the debts so created in favor of his wife, debts, too, which were a part of the purchase-price of their home, we do not see why he might not do so.

The payment of a debt, and even the preference of one creditor to another, is not in itself a fraud. *Brookville Nat'l Bank* v. *Kimble,* 76 Ind. 195.

In *Phelps* v. *Smith, supra,* it was said that "By our statute (R. S. 1881, section 4924) the question of fraud is made one of fact, and where fraud is essential to the existence of a cause of action it must be found as a fact, and not left to be inferred as a matter of law. *Rose* v. *Colter,* 76 Ind. 590. This court may, doubtless, give to facts their legal effect; but where, as here, the case is presented upon a special finding, it can not add a new and substantive fact to those stated by the trial court."

This statement of the law is equally applicable to the case at bar.

The judgment is affirmed.

Filed Jan. 26, 1894.