American Varnish Co. v. Reed.

AMERICAN VARNISH COMPANY ET AL. v. REED ET AL.

[No. 18,462.　Filed Nov. 14, 1899.　Rehearing denied Jan. 24, 1900.]

FRAUDULENT CONVEYANCES.—*Action to Set Aside.*—*Burden of Proof.* —*Evidence.*—*Notice.*—*Sales.*—In an action to set aside a sale and transfer of personal property as fraudulent as against creditors, the burden of proof is upon plaintiff to establish that defendant sold and transferred the property with the fraudulent intent to hinder or delay his creditors, and that the purchaser paid no consideration therefor, or, if he paid a valuable consideration, that he purchased with notice or knowledge of the fraudulent intent of the seller. *p. 89.*

SAME.—*Fraud.*—*Presumptions.*—Fraud cannot be presumed in an action to set aside a transfer of personal property as fraudulent, but is a question of fact which must be proved. *p. 89.*

SAME.—*Fraud.*—*Presumptions.*—Where in an action to set aside a transfer of personal property as fraudulent the facts are consistent with either honesty and good faith or dishonesty and bad faith, the presumption of honesty and good faith will prevail. *pp. 89, 90.*

APPEAL AND ERROR.—*Fraudulent Conveyances.*—*Evidence.*—*Review.* —In an action to set aside a transfer of personal property on account of fraud, the question whether the facts and circumstances proved the alleged fraudulent intent, or authorized such an inference, was one of fact for the determination of the trial court, and is not reviewable on appeal. *p. 90.*

From the Elkhart Circuit Court.　*Affirmed.*

*W. H. Hauenstien, J. H. State, L. Chamberlain, J. M. Van Fleet* and *V. W. Van Fleet,* for appellants.

*O. T. Chamberlain* and *P. L. Turner,* for appellees.

MONKS, J.—Appellants sued to recover personal judgments against appellee Reed for the amounts due them respectively, and to set aside as fraudulent certain sales of personal property made by said appellee to his co-appellees. Upon the trial of said cause the court found for appellants as to their respective claims against said Reed, and against said appellants upon that part of their complaint which sought to set aside the sales of said personal property as

fraudulent, and over appellants' motion for a new trial judgments were rendered against said Reed for the amounts found due appellants respectively, and in favor of the other appellees against appellants for costs.

Appellants insist that the trial court erred in overruling their motion for a new trial, because the finding of the court was contrary to law. The burden of proof was upon appellants to establish, among other things, that appellee Reed sold his said personal property to his co-appellees with the fraudulent intent to cheat, hinder, or delay his creditors, and that said co-appellees paid no consideration therefor, or if they paid a valuable consideration therefor that they purchased with notice or knowledge of the alleged fraudulent intent of Reed. *Scott* v. *Davis*, 117 Ind. 232, 233; *McFadden* v. *Ross*, 126 Ind. 341, 346; *Willis* v. *Thompson*, 93 Ind. 62, 64; *Bank* v. *Carter*, 89 Ind. 317, 322.

In this class of cases, under our statute, there is no such thing as fraud in law, but fraud is a question of fact which cannot be presumed but must be proved, because the presumption is always in favor of honesty and fair dealing, and against bad faith. §4924 R. S. 1881 and Horner 1897, §6649 Burns 1894; *Bank, etc.*, v. *Gear Co.*, 143 Ind. 550, 557; *Bruner, Rec.*, v. *Brown*, 139 Ind. 600, 609, 610, and cases cited; *Rockland Co.* v. *Summerville*, 139 Ind. 695, 699, 700; *Fulp* v. *Beaver*, 136 Ind. 319, 322; *Hutchinson* v. *Bank*, 133 Ind. 271, 282, 283; *Bank* v. *Findley*, 131 Ind. 225, 228, 229; *Coal Co.* v. *Terre Haute, etc., Co.*, 129 Ind. 73, 81; *Cicero Tp.* v. *Picken*, 122 Ind. 260, 263; *Wallace* v. *Mattice*, 118 Ind. 59; *Phelps* v. *Smith*, 116 Ind. 387, 393, 394; *Stix* v. *Sadler*, 109 Ind. 254, 258; *Caldwell* v. *Boyd*, 109 Ind. 447, 455, 456; *Louisville, etc., R. Co.* v. *Thompson*, 107 Ind. 442, 446-449; *Rose* v. *Colter*, 76 Ind. 590; *Morgan* v. *Olvey*, 53 Ind. 6; *Stewart* v. *English*, 6 Ind. 176; Lawson on Presumptive Ev. (1st ed.) pp. 93, 98, 439, 440, (2nd ed.) pp. 112, 117, 118, 517, 518.

It is also the rule that when the facts of a case are con-

sistent with either honesty and good faith or dishonesty and bad faith the presumption of honesty and good faith will prevail. *Louisville, etc., R. Co.* v. *Thompson,* 107 Ind. 442, 448, 449; *Bradish* v. *Bliss,* 35 Vt. 326; Wait on Fraud. Con., §§5, 6; 2 Thompson's Trial Prac., §§1938, 1939, 1940.

We have carefully read the evidence, and, considering the same in view of the foregoing rules and presumptions, we are unable to say that said finding of the court is contrary to law, and cannot therefore disturb it.

Many facts and circumstances were given in evidence which were proper to be considered by the trial court in determining whether or not Reed made the sales of his personal property to appellees with the fraudulent intent alleged, and whether or not appellees had notice or knowledge of such intent if it existed; but what inference should be drawn from said facts and circumstances was a question for the trial court, and not for this court, unless perhaps they were such that only one inference could be drawn therefrom. Elliott's Gen. Prac., §429. Moreover there was a conflict in the evidence as to some of the facts and circumstances given in evidence. Badges of fraud are not fraud, however, but simply evidence of fraud. From the facts and circumstances in evidence the law draws no inference of fraud. Whether such facts and circumstances proved the alleged fraudulent intent of Reed, or authorized such an inference, which was one of fact and not of law, was for the trial court to determine as the trier of the facts. This court cannot, therefore, review the inference drawn therefrom by the trial court, whatever it may have been, because to do so would be to weigh the evidence and determine its sufficiency to establish the alleged intent, a right we do not possess.

There is no direct evidence that the appellees who purchased said personal property had any notice or knowledge that Reed sold the same with the intent alleged, but on the contrary all who were examined as witnesses testified that

they had no such notice or knowledge, and that they made the purchases in good faith for a valuable consideration. Appellants insist, however, that the facts and circumstances given in evidence, which were known to appellees, were sufficient to put a man of ordinary prudence upon inquiry, and that therefore they must be charged with knowledge of Reed's alleged fraudulent intent. Whether the facts and circumstances in evidence were sufficient to put a man of ordinary prudence upon inquiry was a question of fact to be determined by the court trying the cause, and not a question of law. The decision of the trial court upon that question is not therefore subject to review here; to do so would be to weigh the evidence and determine its sufficiency to establish knowledge on the part of said appellees. In this case the trial court was required to, and did, consider and pass upon the credibility of witnesses, made presumptions, and drew inferences, and, even if the nature of the evidence was such that different persons might reasonably arrive at a different conclusion from that reached by said court, the finding cannot be set aside for that reason.

It is evident that the rule that this court cannot reverse a case upon the weight of the evidence is clearly applicable here. Judgment affirmed.

Baker, J., took no part in the decision of the cause.