Roehm v. Reed.

---

ROEHM ET AL v. REED ET AL.

[No. 2,877. Filed December 20, 1899.]

APPEAL.—*Conflicting Evidence.*—The Appellate Court will not determine the preponderance of conflicting evidence. *p. 548.*

FRAUD.—*Evidence.*—*Presumption of Good Faith.*—In an action to recover personal property alleged to have been procured by the defendant through fraud, where the facts relied on to show fraud are consistent with either good or bad faith, the presumption of good faith will prevail. *pp. 548, 549.*

From the Elkhart Circuit Court. *Affirmed.*

*J. M. Van Fleet* and *V. W. Van Fleet*, for appellants.

*O. T. Chamberlain* and *P. L. Turner*, for appellees.

ROBINSON, J.—Suit by appellants in replevin, based upon the theory that Reed purchased goods of them intending never to pay for them, and sold them to his co-appellee Bryson, who was not an innocent purchaser. Judgment against Reed and in favor of Bryson. Appellants' motion for a new trial overruled.

If appellee Bryson was a good faith purchaser of the property in controversy, the judgment of the trial court was right. This was a question of fact to be determined from all the evidence. · There was some conflict in the evidence as to some of the material facts. There were many facts and circumstances introduced in evidence which the court could properly consider in determining whether Reed sold the goods with a fraudulent intent, and if such fraudulent intent existed, whether Bryson had knowledge of it. The inference to be drawn from these facts and circumstances was for the trial court. There are circumstances disclosed bearing upon the question that Bryson had knowledge of facts and circumstances sufficient to put a man of ordinary prudence upon inquiry, but there is no direct evidence that Bryson bought the property with knowledge that Reed had practiced any fraud, and Bryson testified that he had no idea of Reed's indebtedness at the time he bought the goods, that he did not buy them for the purpose of assisting Reed to beat his creditors or to hinder or delay them in any way, and that he had no idea Reed had any such intention. Whether after hearing and weighing the evidence this court would have reached a conclusion different from that reached by the trial court is not the question. The fact that different persons might reach different conclusions is not sufficient reason for setting aside the court's finding. The question presented is not one of law but is purely one of fact, and the long settled rule that we can not disturb a finding upon the weight of the evidence is clearly applicable.

The evidence in the case at bar is the same as that in the case of *American Varnish Co.* v. *Reed*, (Ind. Sup.) 55 N. E. 224, wherein it was sought to set aside as fraudulent certain sales of property by appellee Reed. That case reaffirms the doctrine long declared in this State, that, as the presumption is always in favor of honesty and fair dealing and against bad faith, fraud is a question of fact which must be proved and can not be presumed; and that in such cases there is no

such thing as fraud in law; and that if facts are consistent with either good or bad faith, the presumption of good faith will prevail. Citing the following: *National Bank* v. *Dovetail, etc., Co.,* 143 Ind. 550; *Bruner, Rec.,* v. *Brown,* 139 Ind. 600; *Rockland Co.* v. *Summerville,* 139 Ind. 695; *Fulp* v. *Beaver,* 136 Ind. 319; *Hutchinson, Assignee,* v. *Bank,* 133 Ind. 271; *Bank* v. *Findley,* 131 Ind. 225; *Coal Co.* v. *Terre Haute, etc., Co.,* 129 Ind. 73; *Cicero Tp.* v. *Picken,* 122 Ind. 260; *Wallace* v. *Mattice,* 118 Ind. 59; *Phelps* v. *Smith,* 116 Ind. 387; *Stix* v. *Sadler,* 109 Ind. 254; *Caldwell* v. *Boyd,* 109 Ind. 447; *Louisville, etc., R. Co.* v. *Thompson,* 107 Ind. 442; *Rose* v. *Colter,* 76 Ind. 590; *Morgan* v. *Olvey,* 53 Ind. 6; *Stewart* v. *English,* 6 Ind. 176; *Bradish* v. *Bliss,* 35 Vt. 326; Wait on Fraudulent Con. §§5, 6; 2 Thompson's Trials, §§1938, 1940. In the case at bar there is evidence to sustain the court's conclusion that Bryson was a good faith purchaser for value. Judgment affirmed.