Lindsay *v.* Glass.

Filed June 6, 1889.

No. 14,705.

## LINDSAY *v.* GLASS.

CONTRACT.—*For Care and Support.—Specific Performance.*—A contract for care and support is not one the specific performance of which will be enforced, but if repudiated the remedy is an action for damages.

SAME.—*Transfer of Property.—Condition Subsequent.*—While such a contract remains executory, a transfer of property thereunder will be treated as having been made upon the condition subsequent that the promise to furnish care and support shall be fully and fairly performed.

SAME.—*Rescission.—Reclamation of Property.*—Until the contract is fully performed on both sides, it is liable to be rescinded and the property transferred thereunder reclaimed, leaving the parties to their redress for what may have been furnished.

SAME.—*Contract for Support Imposes Personal Obligation.*—A transfer of property in consideration of an agreement to furnish the grantor a home, with care and support, imposes a personal obligation upon the grantee, which he can not evade without the consent of the other party concerned.

From the Bartholomew Circuit Court.

*G. W. Cooper* and *C. B. Cooper*, for appellant.

*F. T. Hord, M. D. Emig* and *R. W. Harrison*, for appellee.

MITCHELL, J.—Eliza Glass brought this action against James Lindsay to recover certain sums of money derived from her deceased husband's estate, which she charges that the defendant received and appropriated to his own use.

There is no controversy but that the defendant received $2,060 of the plaintiff's money from various sources, but he denies her right to recover, because he says that, in the month of November, 1884, the plaintiff being very old, feeble, and totally blind, and without a home, agreed with the defendant, who is her brother, to give him all her property in consideration of his agreement to furnish her a good home, and support and take care of her during the remainder of her natural life. He asserts that, in compliance with his agreement, he kept the plaintiff from the date above mentioned until in the month of February, 1887, at which time she left his house, and has not since returned, although he has been all the time and still is ready and willing to perform his part of the contract.

There was a verdict and judgment for the plaintiff below for $1,502.12, and the sole question here relates to the propriety of the ruling of the court in overruling the defendant's motion for a new trial.

It is well to observe that contracts made by persons in the helplessness of misfortune and distress, or under the infirmity and decrepitude of old age, through which a claim is asserted to their property in consideration of an unexecuted promise of support and maintenance, are peculiar in their character and incidents. One who is aged and infirm, without a home, and in a state of dependence upon another, to whom property is conveyed or transferred in consideration of an agreement for support, is scarcely in a situation to exercise the care for his own interest and protection that usually characterizes the conduct of persons in making ordinary contracts. Such contracts, involving continuing care and personal service, and requiring for their proper execution that the parties concerned should occupy toward each other

relations of confidence and esteem, can not be specifically enforced while they remain executory. *Ikerd* v. *Beavers*, 106 Ind. 483.

To compel one to accept the alternative of receiving support under an improvident contract, or to become a subject of charity, might often result in great oppression. Such contracts belong to a class the specific enforcement of which courts of chancery do not undertake. Parties who enter into such agreements must rely upon a continuance of the confidence and esteem which induced the arrangement in the beginning, or take their chances to recover damages if the contract is repudiated.

For the protection of persons who thus dispose of their property, courts are inclined to treat the transfer or conveyance, so long as the contract for support remains executory, as having been made upon the condition subsequent that the promise to furnish care and maintenance shall be fully and fairly performed. *Richter* v. *Richter*, 111 Ind. 456; *Bogie* v. *Bogie*, 41 Wis. 209; *Rowell* v. *Jewett*, 69 Me. 293; *Eastman* v. *Batchelder*, 36 N. H. 141 (72 Am. Dec. 295); *Bethlehem* v. *Annis*, 40 N. H. 34 (77 Am. Dec. 700); *Wilder* v. *Whittemore*, 15 Mass. 262; *Thayer* v. *Richards*, 19 Pick. 398. Until the contract is fully performed on both sides, it is liable to be rescinded and the property reclaimed, leaving the parties to their remedies, respectively, for what may have been furnished under the contract.

In the present case the plaintiff persistently denied that she ever made any contract with the appellant by which he became entitled to her property in consideration of a promise to support her. Besides, if there was a contract, such as the appellant claims, there was evidence which tended to show that he was not fairly carrying it out, and that the plaintiff was left in the family of a stranger, where she was receiving care at the defendant's expense, until her sisters took her in charge. The finding of the jury was, therefore, fully justified upon either hypothesis.

A transfer of property in consideration of an agreement to furnish the grantor a home, with care and support, imposes a personal obligation upon the grantee, or transferee, which he can not evade without the consent of the other party concerned. One who accepts the property of a sister, or parent, and agrees, in consideration thereof, to furnish a home, with suitable maintenance and support, does not perform his contract fairly and according to its spirit by simply furnishing shelter and subsistence. A home is something in addition to a roof over one's head, with food and drink supplied by strangers.

The appellant complains because certain letters received by him, and requesting that he come and assist the plaintiff in settling some business transactions, were excluded from the jury. The letters were irrelevant to any matters in issue. So, also, were certain questions relating to the treatment received by the plaintiff from her sisters before she came to live with the appellant. There was no error in permitting the plaintiff to prove that the appellant said he wanted to sell her land because he needed the money.

We find no instructions in the record. Hence there is no question before us as to the proper rate of interest to be charged in such a case. We must presume that the court instructed the jury properly upon the subject of interest.

Upon the view of the case most favorable to the appellant, he was entitled to nothing more than to be reimbursed for the actual value of the support and maintenance furnished, and for expenses incurred in and about the plaintiff's business. So far as we can discover, this was the rule applied.

The judgment is affirmed, with costs.

Filed June 6, 1889.