The Parke County Coal Co. *v.* The Terre Haute Paper Co. *et al.*

a transfer of property, where it incidentally arises, is not sufficient to deprive the Appellate Court of jurisdiction.

From the Bartholomew Circuit Court.

*S. Stansifer* and *C. S. Baker*, for appellant.

*J. C. Orr* and *W. S. Swengel*, for appellee.

Filed May 16, 1891.

---

No. 14,546.

THE PARKE COUNTY COAL COMPANY *v.* THE TERRE HAUTE PAPER COMPANY ET AL.

SPECIAL FINDING.—*Silence Upon a Material Fact.*—When a finding is silent upon a fact material to be found, it is to be taken as found against the party having the burden of proving such fact.

CORPORATION.—*Transfer of Stock — Rights of Creditors.*—The stockholders of a corporation transferred their paid-up stock and the corporate property to the president thereof, who executed a mortgage on the property to secure the purchase-price of the stock and borrowed money, agreeing also to pay all debts and liabilities of the corporation. The mortgage

and the deed to the property were recorded. Stockholders, with knowledge of the transfer, were also stockholders of another corporation, and to the latter corporation the former became indebted for goods furnished after the deed and mortgage were placed on record.

*Held*, that the record of the deed and mortgage was constructive notice to the creditor corporation, and that it was not entitled to have the deed and mortgage set aside for fraud.

SAME.— *Withdrawal of Stock.*—*Statute.*—A transfer of paid-up stock and the property of a corporation by some of the stockholders to another stockholder, who assumes all liabilities and executes a mortgage on the property to secure the purchase-price of the stock, is not, in effect, a withdrawal of the capital stock from the corporation. Section 3858, R. S. 1881, authorizes the transfer of stock of a corporation when paid in, the transfer to be made in such manner as the by-laws of the corporation may prescribe. In the absence of a showing to the contrary, the transfer will be presumed to have been made in accordance with the by-laws.

From the Vigo Circuit Court.

*S. B. Davis, C. F. McNutt, J. G. McNutt* and *F. A. McNutt,* for appellant.

*B. V. Marshall* and *J. G. Williams,* for appellees.

OLDS, C. J.—In the complaint, consisting of one paragraph, it is alleged that on the 9th day of November, 1883, the defendants Close, Fairbanks, Quinlan, Duncan, Hervey, Close, Jr., McKeen and Hulman, filed articles of association for the Terre Haute Paper Company, whereby the defendant the Terre Haute Paper Company became a body corporate; that afterward the defendant McKeen became the owner by assignment of all the stock and interest of Hervey, and succeeded to all the rights of Hervey; that said corporation began business, and plaintiff sold to it, from the time of its organization to August 13th, 1886, a large amount of coal, which was used by said company in the manufacture of paper; that on the 13th day of August, 1886, plaintiff settled its accounts with the Terre Haute Paper Company, and there was a balance due the plaintiff, on account, at that date, and said company executed to plaintiff four promissory notes for said balance, one for $507.84, due at one week from

date; one for $500, due in thirty days from date; one for $500, due at sixty days from date, and one for $1,000, due at ninety days from date, all with eight per cent. interest, and ten per cent. attorney's fees, and all negotiable and payable at the bank of McKeen & Co., Terre Haute, Indiana; that the first two of said notes are due and unpaid; copies of all are filed with the complaint. It is further averred that on the 10th day of September, 1885, the members of said corporation fraudulently, and to cheat, hinder and delay the creditors of said corporation, and wholly without consideration, paid and conveyed their stock and the property of said corporation to the defendant Manley T. Close, who was president of said corporation, and transacted all its business, for its organization, with plaintiff; that said Manley T. Close, and Harriet H. Close, his wife, mortgaged all of said corporate property to defendant Demas Deming, as a trustee, to secure the payment of notes executed by said Manley T. Close, to each of said stockholders for their several shares of stock, in the sum of $25,000; that at the same time said Manley T. Close and wife executed to defendant Herman Hulman a mortgage, as trustee, upon said corporate property to secure notes made by said Close to others of said stockholders, in the sum of $10,000; that said Close was president of said corporation, and conducted the business of said company, and carried on the same in the name of said corporation, with full knowledge and consent of said stockholders, and purchased stock and material of plaintiff, and others, in the name of said corporation, and signed the notes of plaintiff as the notes of said corporation; that defendant corporation made no provision for the payment of the debts of said concern, and plaintiff had no notice or knowledge of such transfer at the date of her said notes, and said corporation was never dissolved.

It is further averred that said Close abandoned said property, and said stockholders and trustees seized the same, and have converted the same to their own use, and, for the pur-

pose of defrauding and cheating plaintiff and other cred-
itors, have organized the defendant Ellsworth Paper Com-
pany, and have caused conveyances to be made from defend-
ants Close and wife of all the real estate and assignments of
choses, claims and personal property belonging to said Terre
Haute Paper Company to said Ellsworth Paper Company.

It is further averred that all of said defendants were stock-
holders in the defendant corporation, the Terre Haute Paper
Company, at the time of the execution of the aforesaid mort-
gages to Deming and Hulman, and there was no other con-
sideration for the debts secured by said mortgages than the
shares of stock of said several defendants; that said mort-
gages were and are fraudulent and void as against the cred-
itors of said corporation and said Close, and were made to
prevent the collection out of said corporation property of
the debts of said corporation and Close, contracted as afore-
said in the name of said corporation, and with the full knowl-
edge of the said stockholders and their trustees aforesaid,
and the property, to wit, coal sold by plaintiff to said com-
pany, was so sold to and bought by its officers to be and was
consumed in the operation and running of the paper mill of
the defendant corporation in the regular line and execution
of its business. Prayer for judgment upon the notes for
$5,000, that said mortgages and conveyances to Ellsworth
Paper Company be declared void and inoperative as against
plaintiff, and that plaintiff's claim be declared a lien for sup-
plies superior to any claim of defendants, or any of them,
and that the property be subjected to sale for the payment
of the plaintiff's claim.

The action was dismissed as to Harriet Close, wife of Man-
ley T. Close, Manley T. Close, Jr., and James K. Kendall.
The Terre Haute Paper Company was defaulted.

The Ellsworth Paper Company and Manley T. Close each
filed separate answers in denial; all of the other defendants
joined in an answer in denial.

The cause was submitted to the court for trial without the intervention of a jury.

The facts found by the court are, substantially, as follows :

The plaintiff, the Terre Haute Paper Company, and the Ellsworth Paper Company are corporations organized under the laws of the State of Indiana, the Ellsworth Paper Company being incorporated September 11th, 1886, and the Terre Haute Paper Company November 9th, 1883. The names of the persons signing the articles of incorporation of each of these companies are given.

The capital stock of the Terre Haute Paper Company was $75,000, and was fully paid up, Manley T. Close taking and paying for $50,000 of the stock, and the defendants William R. McKeen, Frank McKeen, Herman Hulman, Demas Deming, Crawford Fairbanks, James R. Duncan, Manley T. Close, Jr., and Michael Quinlan paying for the remainder of said stock the sum of $25,000 in cash, and owning the same respectively in certain proportions.

At a meeting of all the stockholders of the Terre Haute Paper Company held September 5th, 1885, it was unanimously resolved to sell and convey the entire property of the company to defendant Manley T. Close for $75,000, he agreeing to pay $50,000 in cash, and to execute his notes to the said defendants William R. McKeen, Frank McKeen, Herman Hulman, Fairbanks, Deming, Duncan and Quinlan, for certain amounts respectively, stated in the finding, and securing the payment of the same by a mortgage executed by Manley T. Close and Harriet H. Close, his wife, to Demas Deming as trustee for the benefit of the payees of such note upon all the property to be conveyed by the paper company to Manley T. Close as aforesaid, he also assuming and agreeing to pay all the debts and liabilities of the said paper company as part consideration for the conveyance of said property.

The board of directors were authorized and directed by this stockholders' meeting to carry into effect the sale and

conveyance to Close of the property aforesaid upon the terms and conditions aforesaid, and to cause to be executed and delivered the necessary deed and papers for that purpose. At a full meeting of the board of directors of the company, held on September 5th, 1885, the proceedings of the stockholders' meeting were presented, and it was unanimously resolved by the board that the president and secretary of the company execute and deliver a deed and such other papers as might be necessary to transfer to Manley T. Close the entire property of the company upon the terms and conditions set forth in the proceedings of the stockholders' meeting aforesaid.

On September 10th, 1885, the Terre Haute Paper Company, by its president and secretary, conveyed by deed to said Manley T. Close the real property of the company, with the buildings and machinery thereon situate, known as the Terre Haute Paper Mill, which deed was recorded in the recorder's office of Vigo county, State of Indiana, September 18th, 1885, in deed record 68, on page 90; and also on the same day Manley T. Close and Harriet H. Close, his wife, executed and delivered to Demas Deming, as trustee, a mortgage upon the property conveyed to said Manley T. Close, as aforesaid, to secure the payment of certain notes then executed by him to the defendants herein, as required by the resolutions of the stockholders and board of directors of the Terre Haute Paper Company hereinbefore set forth, which mortgage was duly recorded in the recorder's office of Vigo county, Indiana, on the 15th day of September, 1885, in mortgage record E 1, at page 460.

Manley T. Close and Harriet, his wife, on September 10th, 1885, mortgaged the property conveyed to him, as aforesaid, by the paper company, to defendant Herman Hulman, as trustee, to secure the payment of $10,000 then loaned and advanced in cash to said Manley T. Close in certain proportions by some of the defendants herein respectively, which mortgage was recorded in the recorder's office of said county

of Vigo, September 15th, 1885, in mortgage record E 1, page 462.

The debts secured by the two mortgages last above mentioned have never been paid, and the mortgages remain unsatisfied.

On September 10th, 1885, defendants William R. McKeen, Frank McKeen, Hulman, Deming, Fairbanks, Duncan and Quinlan, being then the owners of the paid up capital stock of the Terre Haute Paper Company to the amount of $25,000, transferred and assigned all their said stock to Manley T. Close, and he, from that date until the 20th of August, 1886, carried on, in the name of the Terre Haute Paper Company, the business which, prior to that time, had been carried on by that company, and during said period continued to keep the position of president of the Terre Haute Paper Company, which he had filled from the organization of the company, to wit, from December 11th, 1883.

During all the time the Terre Haute Paper Company was carrying on business the plaintiff sold coal to it, and in February, 1886, plaintiff received payment in full of all claims against that company up to March 1st, 1886. Between this last-named date and June 1st, 1886, plaintiff sold and delivered from time to time coal at the works of the said paper company, and for the amount due for such coal remaining unpaid on the 13th day of August, 1886, the plaintiff took from Manley T. Close in payment for the amount then due four several notes, copies of which are set forth in the complaint.

When the Terre Haute Paper Company authorized and directed the sale of its property to Close, the defendants William R. McKeen, Deming and Collett, were respectively holders and owners of shares of the capital stock of the Parke County Coal Company, plaintiff herein, and of the Terre Haute Paper Company, defendant herein, and each and all of them had full knowledge of the transfer and conveyance which was then made by the Terre Haute Paper

Company of its property to Manley T. Close, and acquiesced therein and consented thereto.

James R. Kendall, who was one of the incorporators of the Ellsworth Paper Company, is, and for more than five years past has been, the president of the Parke County Coal Company, plaintiff herein.

Manley T. Close owed the First National Bank of Terre Haute between $11,000 and $12,000, and about August 23d, 1886, he and his wife conveyed by deed in proper form to Henry S. Deming in consideration of about $2,000, the property conveyed to him by the said Terre Haute Paper Company, which property was and always had been situate in Vigo county in the State of Indiana.

Defendants William R. McKeen, Hulman, Duncan, Close, and Quinlan, have not now, and never have had, any interest whatever in the Ellsworth Paper Company.

In September, 1886, Henry S. Deming conveyed to defendant Ellsworth Paper Company all the property acquired by him under the conveyance to him from Close, which property at that time was worth about $40,000, and at the time Close purchased it was worth about $50,000.

Joseph Martin, as superintendent of the plaintiff herein during all the time when coal was being sold to the Terre Haute Paper Company, had control of the property and the business of the plaintiff, and sold the coal to the paper company. When he sold the coal for which the notes in suit were executed, he had no actual personal notice of any transfer of the paper company's property to Close, or of any change of ownership of the stock or property thereof.

The four notes mentioned in the complaint are wholly unpaid, and there is now due upon them the sum of $2,-768.50.

The conclusions of law drawn by the court were that the plaintiff ought to recover the sum of $2,760.50 from the Terre Haute Paper Company, and as to the other defendants there ought to be a finding in their favor.

A new trial was granted as against the Terre Haute Paper Company, and afterwards a finding and judgment against it for $3,130.16.

The questions presented involve the plaintiff's rights against the other defendants.

From the finding of facts it will be seen that the stockholders, other than Manley T. Close, owning $25,000 of stock, sold their stock to said Close, and he executed a mortgage on the property of the corporation to secure the purchase-price of the stock to be paid by him, also assuming and agreeing to pay all the debts and liabilities of the company.

Close and wife executed another mortgage to secure the payment of $10,000, borrowed money.

The findings of fact also show that the debt due the appellant is for coal furnished after the sale of the other stockholders of their stock to Close.

There is no fraud found to exist. The transaction appears to have been a fair one. The stockholders selling out made provision for the payment of all debts of the corporation, and the debt then due to the appellant was paid. McKeen Deming and Collett were, respectively, holders and owners of stock in the appellant company and the Terre Haute Paper Company, and had full knowledge of the transfer and conveyance to Close. Kendall, who was one of the incorporators of the Ellsworth Paper Company, is, and for five years past has been, the president of the appellant coal company. The officers of the appellant were bound to take notice of the mortgages, which were duly recorded. The record was constructive notice to the appellant company. The complaint is to set aside the mortgages and conveyances for fraud. The burden is upon the appellant to prove fraud. There is no fraud found to exist. The findings being silent on the subject of fraud, the conclusion follows that none exists, and that none was proven. The rule is that when a finding is silent upon a fact material to be found, it is to be taken as

found against the party having the burden of proving such fact.

The questions presented by the record are, whether or not the court erred in its conclusions of law, and whether the finding is supported by the evidence. We do not think the court erred in its conclusions, and there is evidence to support the finding.

Section 3859, R. S. 1881, provides that the capital stock, as fixed by the articles of the incorporation, " shall be paid into the treasury thereof, within eighteen months from the incorporation of the same, in such instalments as the by-laws of the company assess and direct." Counsel for appellant earnestly contend that, as the capital stock in the paper company was paid into the treasury in money, or its equivalent, it must remain in the treasury of such company for the benefit of creditors, and it can not be withdrawn by the members of the corporation ; that the sale of the stock by the other stockholders to Close was, in effect, a withdrawal of the capital stock from the corporation, and therefore the transaction transferring the stock and property of the corporation to Close was void. We can not agree with this theory of counsel. Section 3858, R. S. 1881, authorizes the transfer of stock of a corporation, when paid in, the transfer to be made in such manner as the by-laws of the corporation may prescribe. There is nothing to show that the transfer of the stock and property of the corporation to Close was not made in accordance with the by-laws of the corporation. It further appears by the finding that the transaction was made in good faith. The property of the corporation was conveyed by deed, and mortgages were executed in payment for the stock, and to secure other creditors of the corporation, and such deed and mortgages were placed on record prior to the time the debt due the appellant was contracted.

There is no error in the record.

Judgment affirmed, with costs.

Filed March 14, 1891; petition for a rehearing overruled June 19, 1891.