Johnson, Receiver, v. McClary et al.

. No. 15,656.

JOHNSON, RECEIVER, v. McCLARY ET AL.

PARTNERSHIP.—*Assets Used to Pay Individual Debts of Partners, Application of.—Insolvency of Firm.*—As between themselves, partners have the right to insist that partnership assets shall be first used for the payment of the firm's debts; but this right they may waive, and may transfer or encumber the firm property to pay or secure *bona fide* debts of the individual partners, for which the firm is not liable; and the transaction can not be successfully attacked either by a creditor or by a receiver of the firm appointed by reason of the insolvency of the firm.

SAME.—*Lien of Creditors.*—Creditors of a partnership have no lien upon or special interest in partnership property, except through the rights of the partners.

SAME.—*Transfer by One Member of Firm of Assets to Pay His Individual Debt.—Consent of His Partners.*—Without the consent of his partners, one partner can not transfer the assets of the partnership to the payment of his individual debt; and unless all the partners consent to or ratify such transfer, a receiver of the firm may follow and recover such assets, especially if they are essential to pay partnership debts.

From the Hamilton Circuit Court.

*J. A. Roberts, R. R. Stephenson* and *W. R. Fertig*, for appellant.

*T. J. Kane* and *T. P. Davis*, for appellees.

McBRIDE, J.—The appellant, as receiver of an insolvent partnership, brought this suit to recover certain assets of the partnership, which he alleged one of the partners had, a short time prior to the appointment of the receiver, without the knowledge or consent of his co-partner, transferred to certain of his individual creditors to secure or pay his individual debt to them. The only question involved is the validity of the transfer. This arises on the evidence, in which there is no conflict. It is undisputed that the property was transferred to *bona fide* individual creditors of the partner making the transfer; that it was done only a short time before the appointment of the receiver, and after insolvency, although the parties did not at the time know of the

insolvency. It is also undisputed that the transfer was made without the knowledge of the co-partner, who was informed of it for the first time after it had been done. There is no evidence whatever showing either assent or dissent upon his part save such inferences as may possibly be drawn from the fact that eight days thereafter he asked for and secured the appointment of the receiver.

Partners have the right, as between themselves, to insist that the firm assets shall be used, first, for the payment of the firm debts. They may, however, waive this right, and may join in transferring or encumbering firm property to pay or secure *bona fide* debts of the individual partners, for which the firm is in nowise liable.

A transaction of this character, to secure *bona fide* debts, can not be successfully attacked, either by a creditor or by a receiver of an insolvent partnership. Partnership creditors have no lien upon or special interest in partnership property, save through the rights of the partners above referred to. *Trentman* v. *Swartzell*, 85 Ind. 443; *Warren* v. *Farmer*, 100 Ind. 593; *Fisher* v. *Syfers*, 109 Ind. 514; *Goudy* v. *Werbe*, 117 Ind. 154; *Purple* v. *Farrington*, 119 Ind. 164; *Dunham* v. *Hanna*, 18 Ind. 270; *Case* v. *Beauregard*, 99 U. S. 119; *Winslow* v. *Wallace*, 116 Ind. 317 (325).

Such use of firm property may no doubt be valid; although not joined in by all of the parties, provided it is done with their knowledge and consent, or is afterward ratified or approved by them.

The fact being established that the property transferred was firm property, transferred after insolvency to secure the individual debt of one partner, the burthen was on the appellees to show affirmatively either participation in or assent to the transfer by all the partners. This was essential to a successful defence.

The mere silence of the partner not joining in the transfer, when informed of it, is no doubt a fact proper to be

shown and considered as bearing on the question of assent. Such silence, however, which covers a period as short as that here involved of itself unaided by other facts, is not evidence of such assent. In our opinion the record contains no evidence whatever showing such assent.

There is an entire failure of evidence to sustain the finding of the court.

Judgment reversed.

