Filed January 29, 1896.

---

No. 16,979.

## The First National Bank of Crawfordsville *v.* The Dovetail Body and Gear Co. et al.

CORPORATION.—*Insolvency.*—*Trust.*—*Creditors* —An insolvent corporation does not hold its property in trust or subject to a lien in favor of creditors, in any other sense than does an individual debtor.

SAME.—*Insolvency.*—*Executing Mortgage to Secure Money to Pay Indebtedness.*—A mortgage executed by an insolvent corporation in compliance with an agreement to secure an advance of money to discharge an indebtedness of the corporation, is valid as against its creditors, although the president and secretary were individually liable on the indebtedness so discharged, of which fact the mortgagee had knowledge.

From the Montgomery Circuit Court.

*G. W. Paul* and *M. W. Bruner*, for appellant.

*W. T. Brush* and *E. C. Snyder*, for appellees.

MONKS, J.—This was an action by appellant against appellees, to set aside and vacate a judgment and lien in favor of appellee Snyder against his co-appellee.

The court, by request of the parties, made a special finding of the facts and stated its conclusions of law thereon in favor of appellees.

It appears from the special finding, that the appellee Snyder is, and has been since its organization, a stockholder in his co-appellee, The Dovetail Body and Gear Company, a corporation organized under the laws of this State, and engaged in the business of manufacturing and selling buggy bodies in the city of Crawfordsville, Indiana; that on the 15th day of September, 1892, said corporation was indebted to appellant in the sum of $7,000.00, which was then overdue; that appellant also had and owned an obligation for $6,000.00, executed by Peter C. Summerville and John C. Barnhill, who were the president and secretary of said corporation, for money borrowed by them for the use and benefit of said corporation; that said corporation was then in embarrassed financial circumstances and unable to meet any part of its overdue obligations, all of which facts were well known to appellee Snyder; that on the said 15th day of September, 1892, the board of directors of said corporation authorized its president and secretary to borrow two thousand dollars, to be applied as a payment on the debt to appellant, upon which said Summerville and Barnhill were individually liable; that pursuant to said action of the board of directors, said corporation did, on said day, borrow of Snyder, appellee, the sum of two thousand dollars, upon the express agreement that he should be permitted to take a judgment thereon and acquire a lien upon the property of said corporation over other claims against said corporation; that the note of said corporation was executed to said appellee Snyder for said sum, payable one day after date, and the proceeds of said loan applied on the debt due appellant, upon which said Summerville and Barn-

hill were individually liable; that when said loan was made by appellee Snyder, he knew the purpose for which said money was borrowed by said corporation; that on the 16th day of September, 1892, appellee Snyder began suit in the Montgomery Circuit Court, upon said note and to recover for attorney's fees alleged to be due him from said corporation; that on the 19th day of the same month the board of directors of said corporation authorized the president to appear to said action and consent that judgment might go thereon against the corporation for the amount claimed to be due in said complaint, and that on the 20th day of said month, pursuant to said authority, the corporation appeared, by its president, to said action, and consented that judgment should be rendered therein for the sum claimed to be due in the complaint, and thereupon judgment was rendered by the court for the sum of $2,592.22, $500.00 of which judgment was for services rendered by appellee Snyder for said corporation as attorney; that the object and purpose of said board of directors in authorizing the president of said corporation to appear and consent to the judgment in favor of Snyder, appellee, and of the president in so appearing and consenting to said judgment, and of said Snyder in taking said judgment, was to enable him, said Snyder, to obtain a lien on the property of said corporation and thus prefer him over the other creditors thereof; that an execution was duly issued on said judgment and levied on the property of said corporation on September 23, 1892, and that after said execution was so levied, one P. S. Kennedy was, on the application of appellant, appointed receiver of the assets of the corporation and was duly qualified and entered upon the discharge of his duties as such, and has continued to act as such ever since.

The court stated in its conclusions of law, that the

judgment so rendered was a valid judgment against the corporation and all its creditors, and that the same was a valid lien on the property of the corporation in the hands of the receiver ; to which conclusions of law appellant excepted, and thereupon judgment was rendered in favor of appellees.

The only error assigned by appellant is that the court erred in its conclusions of law.   Counsel for appellant earnestly insist that the court erred in its conclusions of of law, that the rule of law is, "that the property and assets of an insolvent corporation is a trust fund for all the creditors, and that the officers of the corporation are trustees for all the creditors and they cannot deal with the trust property for their own benefit ; that the creditors of the corporation had an equal lien on all the assets for the payment of its debts."

The expression that "the property of a corporation constitutes a 'trust fund' for its creditors," only means that when the corporation is insolvent and a court of equity has taken possession of its assets for administration, such assets must be appropriated to the payment of its debts before distribution to its stockholders, but as between the corporation itself and its creditors, the corporation does not hold its property in trust or subject to a lien in favor of the creditors in any other sense than does an individual debtor. *Hollins* v. *Brierfield Coal and Iron Co.*, 150 U. S. 371, 385, and cases cited ; *Sanford Fork and Tool Co.* v. *Howe, Brown & Co., Limited*, 157 U. S. 312 ; *Fogg* v. *Blair*, 133 U. S. 534, 541 ; *Richardson's Exr.* v. *Green*, 133 U. S. 30, 44 ; *Peters* v. *Bain*, 133 U. S. 670, 691 ; *Graham* v. *Railroad Co.*, 102 U. S. 148 ; *Wabash, etc., R. W. Co.* v. *Ham*, 114 U. S. 587, 594 ; *Smith Purifier Co.* v. *McGroarty*, 136 U. S. 237, 241 ; *Henderson* v. *Indiana Trust Co., Assignee*, 143 Ind. 561 ; Note to *Conover* v. *Hull*,

46 Am. Rep. 826–835; *Brown* v. *Grand Rapids, etc., Furniture Co.*, 58 Fed. Rep. 286 (7 C. C. A. 225; 16 U. S. App. 225); 2 N. W. Law Rev. 167; 3 N. W. Law Rev. 115, 206; *In Re Wincham Shipbuilding Co.*, 9 L. R., Ch. Div., 322.

In *Hollins* v. *Brierfield Coal and Iron Co.*, 150 U. S. 371, 385, Mr. Justice Brewer, speaking of the meaning of the words "trust fund" as used with reference to the assets of insolvent corporations said: "The same idea of equitable lien and trust exists to some extent in the case of partnership property. Whenever a partnership becoming insolvent, a court of equity takes possession of its property, it recognizes the fact that in equity the partnership creditors have a right to payment out of those funds in preference to individual creditors, as well as superior to any claims of the partners themselves. And the partnership property is, therefore, sometimes said, not inaptly, to be held in trust for the partnership creditors, or, that they have an equitable lien on such property. Yet, all that is meant by such expression is the existence of an equitable right which will be enforced whenever a court of equity, at the instance of the proper party and in a proper proceeding, has taken possession of the assets. It is never understood that there is a specific lien or a direct trust.

"A party may deal with a corporation in respect to its property in the same manner as with an individual owner, and with no greater danger of being held to have received into his possession property burdened with a trust or lien * * *. As between itself and its creditors, the corporation is simply a debtor, and does not hold its property in trust, or subject to a lien in their favor, in any other sense than does an individual debtor."

It is settled law in this jurisdiction that while part-

nership assets remain under the control of the partners, they have power, though insolvent, to appropriate any portion of it to pay or secure the individual debts of the members of the firm to the exclusion of the partnership creditors. *Johnson, Rec.,* v. *McClary,* 131 Ind. 105, and cases cited. Such appropriation by the partners of the partnership property to pay or secure the *bona fide* debts of an individual member of the firm cannot be successfully attacked, either by a creditor or by a receiver of the insolvent partnership. *Johnson, Rec.,* v. *McClary, supra.* Where, however, the partnership assets are being administered by a court, the rule of equitable distribution is applicable to its fullest extent.

In *Williamson* v. *Wallace, Rec.,* 116 Ind. 317, this court said: "It is settled everywhere, that when the assets of a firm, or the individual property of the members of a firm are brought under the jurisdiction of a court for judicial administration, the equitable rule of distribution will be applied, and the partnership assets will be devoted first to the payment of the firm debts. * * * But where the partnership assets remain under the control of the partners, they have the power to appropriate any portion of it to pay or secure the individual debts of the members of the firm." The doctrine of equitable lien and trust, as held by this court in regard to partnership property, exists at least to the same extent in reference to the property of corporations.

It necessarily follows that until the court, by its officers, takes charge of the property of an insolvent corporation, it has the same power and control over its property that the individual would have over his property under like circumstances.

It is firmly settled in this State that an insolvent debtor has the right and power to prefer certain credi-

tors to the exclusion of others.    *Dice* v. *Irvin*, 110 Ind. 561; *Gilbert, Ass'nee,* v. *McCorkle*, 110 Ind. 215; *Carnahan* v. *Schwab*, 127 Ind. 507; *Fuller & Fuller Co.* v. *Mehl*, 134 Ind. 60.

In *Gilbert* v. *McCorkle, supra,* Mitchell, J., speaking for the court said: "It must be considered as settled by the decisions of this court, that so long as a debtor retains dominion over his own property, he may make any honest disposition of it he sees fit.    He may sell or mortgage the whole, or any part of that which belongs to him, to pay or secure an honest debt.    *   *   *    He may prefer one creditor to another, and such preference is neither a fraud in law nor in fact, even though it be known that the debtor is in failing circumstances and contemplates an assignment, and even though such preference has the effect to hinder or delay other creditors in the collection of their claims.    In the absence of statutory prohibition, it is neither a legal or moral wrong for a creditor to obtain payment or security for an honest claim, even though he knows that others, equally as deserving, will be thereby deprived of obtaining payment or security for their claims.    Nor is it legally or morally wrong for a debtor to pay, or to secure, to one or more of his creditors, that which is their due, even though he thereby disables himself from paying or securing other claims equally meritorious."

We think it is clear, under the authorities, that if the corporation had executed a mortgage to Snyder to secure the $2,000.00, or if the money had been loaned on the express agreement that the loan should be secured by a mortgage, and the same was some days afterwards executed in compliance with such agreement, such mortgage would have been valid and could have been enforced.

. The judgment was rendered in compliance with the

agreement to that effect, when the loan was made. This was the condition upon which appellee Snyder parted with his money, the same was paid to appellant upon an obligation on which the president and secretary of the corporation were individually liable. He was not a trustee for the creditors in any sense of the word, and the fact that he knew the purpose for which the money was borrowed, even if it were conceded that such use thereof was a breach of trust on the part of the directors, this would not impair the lien of the judgment or affect its validity. *Wright* v. *Hughes, Ass'nee,* 119 Ind. 324; *Jackson* v. *City Nat'l Bank of Goshen,* 125 Ind. 347 (9 L. R. A. 657).

The burden of proof was upon appellant in this case, and when the special finding is silent in respect to any material fact, it will be presumed that such fact was found against appellant. *Parke Co. Coal Co.* v. *Terre Haute Paper Co.,* 129 Ind. 73; Thornton Ind. Prac. Code, section 551, note 4.

When an action is brought to set aside preferences made by an insolvent debtor, as fraudulent, the question of fraudulent intent to cheat, hinder, and delay creditors is one of fact and not of law. Section 4924, R. S. 1881; section 6649, R. S. 1894, and cases cited. *Wilson* v. *Campbell,* 119 Ind. 286; *Phelps* v. *Smith,* 116 Ind. 387, and cases cited.

The finding does not show that there was any actual fraud on the part of the corporation, its officers, directors, or appellee Snyder. It is true it is stated that the purpose of appearing to the action and permitting judgment to be rendered was to give preference to Snyder in compliance with the agreement under which the loan was made, but it is not found that this was a fraudulent purpose. Fraud is not presumed when an action, as in this case, depends upon the establishment of fraud. It

being charged in the complaint, the special finding must so state, or the presumption is that it did not exist. *Stix* v. *Sadler*, 109 Ind. 254, and cases cited.

The court did not err in its conclusions of law.

Judgment affirmed.

Filed May 27, 1895; petition for rehearing overruled January 29, 1896.

NOTE.—The right of an insolvent corporation to make preference among its creditors is the subject of an exhaustive note to *Lyons-Thomas Hardware Co.* v.*Perry Stove Mfg. Co.* (Tex.), 22 L. R. A. 802.