## TIBBETTS *v.* KRALL ET AL.

[No. 18,810. Filed November 6, 1957. Rehearing denied January 28, 1958.]

*William L. Peck,* of Anderson, for appellant.

*Ralph F. Mattingly* and *John D. Staggenburg,* both of Anderson, for appellees.

BOWEN, J.—The appellant, Rebecca Cullipher Tibbetts, filed an action in the court below in two paragraphs. The first paragraph of the second amended complaint, upon which the issues were joined, was for the possession of real estate and the cancellation of a deed and an accounting, and asking that appellant's title be quieted to such real estate, the same being appellant's former home and 29¾ acres of her farm. Such paragraph alleged that appellant was weak and infirm and that such deed was without consideration; that such deed recited a condition that the appellees provide a home for the appellant so long as appellant shall live, and that such appellees have not provided a home for the appellant in accordance with the terms of such deed; that the appellant made demand of the appellees for the reconveyance of such real estate and

that appellees refused such demand. Paragraph two of such amended complaint was also for possession and cancellation of a deed and accounting and asking that her title be quieted to 21.65 acres of real estate consisting of additional farm land.

The court below found for the appellant and against the appellees, E. Howard Krall and Maude L. Krall, on the second paragraph of such amended complaint, and ordered a certain deed to such parties be set aside and cancelled and found an accounting due the appellant. No cross errors have been assigned by the appellees to this action of the trial court.

The appeal in the present cause is from the decision and the judgment of the court below on the first paragraph of the second amended complaint.

Issues were joined in the court below on such paragraph of such complaint by the filing of appellees' answer thereto in two paragraphs, the first of which consisted of a denial of the rhetorical paragraphs of such complaint, and asking that appellant take nothing by her amended complaint, and further asking that the fee simple title to all of the real estate described in appellant's amended complaint be forever quieted in the appellees herein. Appellees' second paragraph of answer to such paragraph of amended complaint admits the execution of the deed in question and asserts that it was for a valuable consideration and alleged that the appellees had fully lived up to the consideration and conditions required of them in such deed, and that said appellees will continue to fully perform any and all conditions required of them in such deed. Such paragraph also alleges that the appellees have never kept the appellant away from her home or failed or refused to perform the conditions required of them in such deed, and asserting that appellant was free to return to the home of such appellees and promising

that appellant would be well cared for by such appellees if appellant so desires. Further allegations of the answer are that appellant left the home of the appellees voluntarily and of her own free will and choice, and at the instance and request of another party, and that such deed of the appellant was her free and voluntary act and was not obtained by the appellees from the appellant by fraud, deceit, misrepresentation, or any illegal device or means whatsoever. The prayer of the second paragraph of answer asked that appellant take nothing by her complaint and that the fee simple title to the real estate described be quieted in the appellees.

The appellant filed a reply to such paragraphs of answer and the cause was submitted for a trial by the court. Evidence was heard and the court entered its judgment on the first paragraph of such second amended complaint in favor of the appellees herein.

The court in its judgment recited that the appellees, E. Howard Krall and Maude L. Krall, had fully performed the conditions required of them by the deed dated March 12, 1938, and referred to in such paragraph of amended complaint, and that such deed was not obtained by fraud, deceit, misrepresentation, or any illegal device.

The appellant filed her motion for a new trial, which motion was based upon the grounds that the decision of the court was not sustained by sufficient evidence and was contrary to law. The court overruled the appellant's motion for a new trial.

Appellant's amended motion for a new trial asserted that the decision of the court was not sustained by sufficient evidence and that the decision of the court was contrary to law. The appellant filed a supplemental motion to such amended motion for a new trial and asked that the court find appellant to be the owner

of the real estate described in paragraph one of her complaint and render an accounting thereon. The memorandum attached to such supplemental motion asserted that the appellees had failed to fully perform the conditions subsequent stated in the deed in question by which the appellees were to care for the appellant in her home as long as she should live and that the appellant asked that the deed be set aside and for an accounting. The court overruled the appellant's amended motion for a new trial and this appeal followed.

The testimony in this trial is voluminous with much extraneous matter contained in both the pleadings and the evidence. However, the facts upon which application must be made of the law in this appeal, by reason of the issues presented to this court, are not in substantial dispute as to matters that are germane to this appeal.

From the record, considered in the light of the evidence most favorable to appellees, it appears that the appellant, who at the time was 68 years of age, and who had suffered a serious illness some two years before, lived alone on a farm in Madison County, Indiana, and had no relatives except three nephews and a niece. The appellee, E. Howard Krall, being one of the nephews, had a conversation with her with the thought in mind of having her come and live with him and his family. The appellant told the appellees that she wanted them to live with her; that she was not living in her home at the time and a man by the name of Redick was living there. Redick later left the place in question and the appellant and the appellees moved into what was the appellant's home place. The appellees talked the matter over with her a few times and went to an attorney's office. The appellant told the attorney what she wanted and he made out the papers

consisting of an agreement of what the appellees were supposed to do and a deed to the real estate in question from the appellant to the appellees. As a result of a trip to the attorney's office by the appellant and appellee, E. Howard Krall, a deed was executed to the real estate in question which contained the following provision:

> "This conveyance is made upon consideration that the grantees move into the dwelling house on said land and reside therein with grantor and provide a home therein for grantor as a member of their family and care for her in sickness and in health and all with kindness and consideration and all so long as said grantor shall live. Not however to provide nurse hire or Physician or medicines or wearing apparel. And grantees also to keep all taxes on said land paid and the improvements insured and in reasonable repair."

It was some two or three weeks after the deed was made out before Redick left the place, which was some time in March or April of 1938. The appellant lived with the appellees in the home from March 1938 until some time in 1942 when she left such home and went to live in the home of one Lonnie Vestal for whom she was employed as a housekeeper. At the time she went to work as a housekeeper for Vestal she left a note with the appellees telling them she was starting on a job elsewhere. After going to the Vestal home she stayed there and worked for him as a housekeeper from 1942 until the latter part of 1951, some nine and one-half years. She came back to live with the appellees in 1951 and continued to live there until July 1954 when she went to live with Davis Sullivan, another nephew, and his wife, where she continued to live until the date of the trial. On the 25th day of September, 1954, she made written demand upon the appellees for a reconveyance of such real estate in the following language:

"I hereby demand a reconveyance to me of the following described real estate located in Madison County, Indiana, to-wit: (describing the real estate).

"The reason for this demand is that the above described real estate is my farm and that I now understand that you have recorded in the Recorder's Office of Madison County, Indiana two deeds purportedly signed by me conveying said farm to you. I did not know that such deeds were executed and if my signature appears on the same, they were obtained by fraud, deceit and without my knowledge. No consideration has been paid to me for either conveyance. One of said deeds recites that the consideration was, that you are to provide me with a home as a member of your family and care for me in sickness and in health, with kindness and consideration. This you have not done and I hereby rescind, terminate and forfeit said conveyance by its own terms. The facts are that you have lived on my farm, have not paid any rents and have taken all the rents and profits from crops and I have lived elsewhere most of the time since said purported conveyances.

"I hereby further demand that you deliver up to me immediate possession of all of my said farm consisting of some 62 acres on the receipt of this notice.

"I further demand an accounting for all rent for the use and occupancy of my house, for the income from my fields which you have taken, and all other profits from the use of said farm since you have lived there. You are directed to deduct from this amount any taxes or improvements or any other expense you have had on my farm and on my account."

The appellees refused to reconvey such real estate and this lawsuit followed later.

One of the principal questions in this appeal is whether or not the decision and judgment of the lower court is contrary to law in its determination that the appellees had fully performed the conditions required of them by the deed in question.

There can be no question but that the agreement to care for the appellant "as a member of their family . . . in sickness and in health and all with kindness and consideration and all so long as said grantor shall live," which was stated as a consideration for the deed in question, created a condition subsequent so long as such contract for support remained executory, as it is well settled that a grant of land in consideration of an agreement for the future support of the grantor, in the absence of a stipulation to the contrary, creates in the grantee an estate on the condition subsequent. *Huffman* v. *Rickets* (1916), 60 Ind. App. 526, 111 N. E. 322; *Lindsay* v. *Glass* (1889), 119 Ind. 301, 21 N. E. 897. Such contracts, in which aged and infirm persons convey their property to others in consideration of an agreement for support, maintenance, and care, are almost universally recognized by the courts as constituting a class by themselves in matters pertaining to their construction and interpretation, and, as has been reiterated in several decisions, until such contract is fully performed on both sides it is liable to be rescinded and the property reclaimed, leaving the parties to their remedies respectively for what may have been furnished under the contract.

The lower court recited in its judgment in the instant case that the appellees had fully performed the conditions required by them by the deed in question. Let us consider this determination and the decision of the lower court in the light of the record before us.

While it cannot be questioned that the appellant voluntarily left the home which was being maintained by the appellees, the record shows that for more than nine and one-half years the appellees did not perform their part of the agreement. The only reasonable conclusion to be drawn from the facts in the record and the relationship of the parties was that there

was an abandonment and termination of the performance of the conditions therefor for such period of nine and one-half years. Later the appellant returned to the home being maintained by the appellees where she stayed for a period of approximately three years, at which time she then left in July 1954 and made a written demand upon the appellees for the reconveyance of such real estate. Following such demand the appellees then made efforts to have her returned to their home. The record before us clearly discloses a situation in which there was no performance of the conditions subsequent in the deed for a long period of time, and a demand and a refusal for a reconveyance, which was equivalent of a re-entry at common law. *Preston* v. *Bosworth* (1899), 153 Ind. 458, 55 N. E. 224. As stated in *Lindsay* v. *Glass, supra:*

> "Parties who enter into such agreements must rely upon a continuance of the confidence and esteem which induced the arrangement in the beginning, or take their chances to recover damages if the contract is repudiated.
>
> "One who accepts the property of a sister, or parent, and agrees, in consideration thereof, to furnish a home, with suitable maintenance and support, does not perform his contract fairly and according to its spirit by simply furnishing shelter and subsistence. A home is something in addition to a roof over one's head, with food and drink supplied by strangers."

It is obvious from the record in the instant case that the only reasonable inference to be drawn from all of the circumstances is that the conditions between the parties, grantor and grantees, were such as to be unsatisfactory to appellant, and appellees, during a period of nine and one-half years, and the additional period following 1954, except as to certain gestures made after demand was made for a reconveyance, made no attempts to remedy the situation as

between the parties. In addition, the record in the instant case shows that the appellant performed services for the appellees during the time she lived in their home. In *Humphrey* v. *Johnson* (1920), 73 Ind. App. 551, 127 N. E. 819, the following rule is stated:

> "Where one enters into a contract to live with aged persons, to provide for their wants, to nurse them in sickness, and to care for them in their helplessness, a relation of trust and confidence is created, in which the personal element is of unusual significance. It is essential to the proper performance of such a contract that mutual respect, confidence, sympathy, and kindness shall prevail. If these things are lacking, if aversion, hatred, distrust and discontent should arise, the situation would become intolerable—especially for the aged. It is apparent that where the psychological conditions essential to the proper peformance of the contract, as above indicated, do not exist, there is an element of impropriety, not to say danger, in all such contracts, if compensation is made to depend on the continuation of the services until the death of the aged. These considerations constitute an impelling and indisputable reason for holding that either party may abandon the contract *arbitrarily,* and in that event the only rational standard by which to adjust the rights of the parties is found in the quantum meruit. *Ikerd* v. *Beavers* (1886), 106 Ind. 483, 7 N. E. 326; *Lindsay* v. *Glass* (1889), 119 Ind. 301, 21 N. E. 897." (Our emphasis)

The only reasonable conclusion to be drawn from the facts and circumstances of the record in the instant case is that the proper measure of mutual respect, confidence and sympathy between the parties was lacking and that some form of discontent had arisen which created the abandonment of the contract for some nine and one-half years. Under such circumstances as shown by the record, and the actual facts of the lack of performance of such conditions subsequent, the lower court was in error in holding and determining that the appellees had fully performed the conditions

required of them by the deed in question, and appellant was entitled to a reconveyance of such real estate. However, under the law, the appellees are entitled to be reimbursed for the support and maintenance during the short periods of time that appellant lived with them.

For the reasons given herein the judgment of the trial court is reversed with instructions to make a finding and judgment for appellant on paragraph one of appellant's complaint, and render an accounting between the parties in accordance with the views expressed herein.

NOTE.—Reported in 145 N. E. 2d 577.