DOWELL *v.* JOLLY

[No. 19,002. Filed June 30, 1959. Rehearing denied October 14, 1959. Transfer denied January 27, 1960.]

*Theodore J. Smith,* of Lafayette, for appellant.

*Lloyd W. Littell,* of Lafayette, for appellee.

SMITH, J.—The appellee, Julia E. Jolly, filed an action in the court below to quiet the title to certain real estate, and to set aside a deed of conveyance of such real estate made by the appellee to the appellant. The

complaint alleged in substance that the appellee was induced by fraud on the part of the appellant to convey to the appellant an interest in certain real estate which she occupied as her residence, and that said conveyance was made entirely without consideration. Appellant filed an answer to said complaint in which he denied appellee's sole ownership, denied the fraud and lack of consideration, and denied that he has an adverse claim to the real estate in question. Appellant filed a cross-complaint for a partition of said real estate, alleging therein that the appellant and appellee were tenants-in-common of said realty; that appellant, by virtue of a conveyance made to him by the appellee, claims a one-half (½) interest in said realty; that the record title discloses a fee simple title to said realty in the appellant and appellee, and that the appellant has made a demand for his interest. To this cross-complaint appellee filed an answer in which she denied any joint tenancy of the appellant and the appellee, denied claim of ownership of one-half (½) of said realty, but admitted that the records of the County Recorder of Tippecanoe County reflected a fee simple title to said real estate in the appellant and the appellee.

Upon the issues thus formed, trial was had by the court and the court found for the appellee against the appellant, entered special findings of fact and conclusions of law, and rendered a judgment thereon. It was the judgment of the court below that the title to the real estate in question be quieted in the name of the appellee, that the deeds of conveyance of said realty made by the appellee to the appellant be set aside and cancelled, and that the appellant was not entitled to have a partition of the realty in question. An appeal was taken from this judgment.

The appellant's motion for a new trial contained

several specifications, but he urges and relies upon three of such specifications, namely: that the decision of the court is not sustained by sufficient evidence; that the decision of the court is contrary to law; and that the court erred in overruling appellant's motion for a finding against the appellee on appellee's complaint at the close of appellee's evidence-in-chief. The appellant assigned as error the overruling of appellant's motion for a new trial; and that the court erred in its Conclusions of Law Numbered 1, 2, 3, 4 and 5. As appellant assumed the burden of proof on his cross-complaint, the first specification of the motion for a new trial raises no question. Appellant is required to establish that under the evidence he was entitled to relief on his cross-complaint which was denied to him by the court.

There was a stipulation of facts by and between the parties which in substance discloses the following facts and circumstances:

That the real estate involved in this action was acquired on May 23, 1934 by Charles E. Jolly, now deceased. At the time of acquiring the real estate, Charles E. Jolly was married to Lillie B. Jolly, and that said Lillie B. Jolly obtained a divorce from Charles E. Jolly on April 12, *1934*. That on October 22, 1938 the said Charles E. Jolly married Julia E. Sosbe, the appellee in this cause. That on April 24, 1944 said Charles E. Jolly conveyed said real estate to one Leona Rausch who on the same date reconveyed said real estate to Julia E. Jolly and James B. Dowell, the appellant in this cause. That on May 11, 1944 the said Charles E. Jolly, Julia E. Jolly and James B. Dowell entered into a contract for the transfer of an interest in said real estate to James B. Dowell *for a consideration*. That on January 11, 1946 said James B. Dowell filed an action for par-

tition of said real estate in the Circuit Court of Tippecanoe County, Indiana, naming the said Julia E. Jolly as defendant, and that in such action the said Julia E. Jolly filed a cross-complaint to qiuet title to said real estate. Thereafter, on August 3, 1946 plaintiff and defendant settled and compromised this action. That on August 13, 1946 James B. Dowell, by a quit claim deed, conveyed his interest in said real estate to Julia E. Jolly. That thereafter on September 10, 1946 the said Julia E. Jolly conveyed said real estate to Edith M. Redd, as Trustee, for the purpose of reconveying same to Julia E. Jolly and James B. Dowell, jointly, and to the survivor, and that on the same date the said Edith M. Redd, as such Trustee, conveyed said real estate to Julia E. Jolly and James B. Dowell, jointly and to the survivor. That since September 10, 1946 neither of said parties, Julia E. Jolly or James B. Dowell, has conveyed any of their interest in said real estate.

The court made and entered special findings of fact which in substance are as follows:

That the appellee is an elderly and uneducated woman, and is easily influenced. That the appellee is and was on the 10th day of September, 1946 the owner in fee simple and in possession of the real estate in question. That on the 10th day of September, 1946 the appellee executed certain deeds to the real estate in question purporting to convey said real estate in question to the appellee and appellant as joint tenants and to the survivor thereof. That the return of the appellant, James B. Dowell, to the premises and *his continuance of the doing of certain acts toward the operation and maintenance of such premises, and the payment of certain expenses toward the upkeep of such premises was to be the only consideration for said deed.* That the

appellant took and accepted said conveyance without paying or giving any other consideration therefor. That in September, 1948 the appellant, James B. Dowell, left the premises *without cause* and never returned to perform the services which were to be the consideration for the conveyance of September 10, 1946. That *there was no consideration for the deeds of conveyance dated September 10, 1946.* That the appellee, Julia B. Jolly, is now and was on August 23, 1951, the date of the filing of the complaint herein, the owner in fee simple and in possession of the real estate in question. That the appellant and appellee are not owners as joint tenants of the real estate in question. That the appellant is asserting a claim and interest in said real estate and that said asserted claim and interest is adverse to the appellee, and that the asserted claim of the appellant is unfounded.

The appellant urges that the trial court erred in overruling appellant's motion for a finding against the appellee on appellee's complaint at the close of appellee's evidence-in-chief. Appellant moved for a finding against the appellee on appellee's complaint at the close of appellee's evidence-in-chief. The motion was overruled and the appellant proceeded with the introduction of evidence on his own behalf and did not renew his motion at the close of all the evidence. A defendant, who, at the close of plaintiff's evidence moves for a finding against the plaintiff, is required to renew or offer to renew his motion at the close of all the evidence, as the error, if any, in overruling his original motion has been waived by his introduction of evidence. *McKinnon* v. *Parrill* (1942), 111 Ind. App. 343, 353, 38 N. E. 2d 1008; *Taylor* v. *Fitzpatrick* (1956), 235 Ind. 238, 242, 132 N. E. 2d 919.

From the record, considered in the light of the evi-

dence most favorable to appellee, it appears that on May 11, 1944 the appellee and her husband conveyed an interest in the realty in question to the appellant, James B. Dowell. On the same date Charles E. Jolly (husband of the appellee), Julia E. Jolly and James B. Dowell entered into a contract for the transfer of an interest in said realty to James B. Dowell. By the terms of such contract, the appellant agreed *to repair the said real estate and keep it in a state of repair as long as he retained an interest in the real estate, agreed to furnish all the materials for the repair work, and agreed to pay one-half (½) of the cost of the materials so furnished.* The appellant on August 13, 1946, by quit claim deed, conveyed his interest in said real estate to the appellee. The appellant then left the premises sometime in August of 1946, after which time the appellee lived alone up until some time in September of 1946. The appellee (when Dowell returned to the premises in September of 1946) said that "they (appellant and appellee) went on as before, sharing the rent and the expenses—he taking care of the upstairs and she the downstairs." Prior to the return of the appellant to the premises, the appellee and her daughter made an arrangement to go to the office of an attorney, which arrangement resulted in a reconveyance of an interest in said realty to the appellant, James B. Dowell, which is the deed of reconveyance that is the subject of this controversy. It appears in the evidence that at the time the deed was given, the appellee said that her daughter told her "you need someone to look after you." From the time the appellant returned to the premises in September of 1946, until August or September of 1948, approximately two (2) years, the appellee continued to carry out the terms of the original agreement entered into on May 11, 1944—during this period the appellant and appellee

cooperated together and apparently their personal relationship was amicable. In August or September of 1948, the appellant left the premises without cause never to return; and never, from that date, either performed or offered to perform any services required by the terms of the original contract.

The evidence viewed in its entirety, including the undisputed testimony of the appellee and all the circumstances surrounding the return of the appellant, clearly shows, both directly and by inference, that the parties to this action intended that the consideration recited in the contract, entered into by and between the appellant, the appellee and the husband of the appellee on May 11, 1944 was to be carried over, continued and considered as the consideration for the deed of reconveyance in question.

The facts disclosed by the record herein make it evident that the agreement of the appellant to perform certain services, as required by the original contract, created a condition subsequent so long as such contract remained executory. It is well settled that a grant of land in consideration of an agreement on the part of the grantee to perform certain services, in the absence of a stipulation to the contrary, creates in the grantee an estate on the condition subsequent. *Huffman* v. *Rickets* (1916), 60 Ind. App. 526, 111 N. E. 322; *Lindsay* v. *Glass* (1889), 119 Ind. 301, 21 N. E. 897.

Contracts in which there is a promise to care for and maintain aged and infirm persons as a consideration for a grant of land are almost universally recognized by the courts as constituting a class by themselves in matters pertaining to their construction and interpretation; and, as has been stated in several decisions, until such contract is fully performed on both

sides it is liable to be rescinded and the property reclaimed, leaving the parties to their remedies respectively for what may have been furnished under the contract. *Tibbetts* v. *Krall* (1957), 128 Ind. App. 215, 145 N. E. 2d 577. The record shows in the case at bar that for approximately three (3) years prior to the filing of the complaint herein the appellant did not perform or offer to perform any services as required by the original agreement. The only reasonable inference to be drawn from the facts and the evidence is that there was an abandonment and termination by the appellant of the performance of the conditions therefor for such three (3) year period. The record, therefore, clearly discloses a situation in which there was no performance of the condition subsequent for such period of time. See *Lindsay* v. *Glass, supra.*

The appellant urges that "failure of consideration" was not pleaded by the appellee in her complaint, and that a judgment based on a finding of "failure of consideration" constituted a fatal variance. Burns', Section 2-1603, 1946 Repl., reads as follows:

"No variance between the allegations in a pleading and the proof is to be deemed material, unless it have (has) actually misled the adverse party, to his prejudice in maintaining his action or defense upon the merits." . . .

Burns', Section 2-1064, 1946 Repl., reads as follows:

"Where the variance is not material, as provided in the last section (section 1063), the court may direct the fact to be found according to the evidence, or may order an amendment without costs."

The appellant does not claim that there was insufficient evidence to prove a "failure of consideration," but he does urge that such question was not within the pleaded

issues. The question then to be determined is whether an allegation of total lack of consideration and proof of a failure of consideration constitutes a fatal variance within the meaning of the above quoted statute. The appellant failed to establish that he was actually misled "to his prejudice" in maintaining his defense upon the merits; and therefore we must conclude that the variance was not fatal. It is well settled that where there is a variance between the pleadings and the evidence which might have been corrected by amendment in the court below, although no such action was taken in the trial court, the amendment will be deemed, upon appeal, to have been made. *M. S. Huey Company* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996; *Baltimore and O. S. W. R. Company* v. *Slaughter* (1906), 167 Ind. 330, 79 N. E. 186; *Oil-Well Supply Company* v. *Priddy* (1908), 41 Ind. App. 200, 83 N. E. 623. Furthermore, where the pleadings do not request the relief granted by the court, but there is evidence introduced *without objection* which entitles the party to the relief granted, on appeal the pleadings will be deemed to be amended. *Brown* v. *Montgomery* (1955), 125 Ind. App. 395, 125 N. E. 2d 37.

It further appears from the record that the court's Finding of Fact Number 6 and Number 7 seem to be in conflict and contradictory. In Finding Number 6, the court found in substance that James B. Dowell, the appellant, left the premises in September of 1948 without cause and never returned to perform the services *which were to be the consideration for the conveyance of September 10, 1946.* In Finding Number 7, the court found in substance that there was *no consideration* for the deeds of conveyance dated September 10, 1946. In other words, in one finding the court found that the performance of certain services

for the appellant was to be the consideration, and in the other finding he found that there was a lack of consideration. Under the facts and circumstances made evident by the record herein, the apparent conflict in the findings is of no avail to the appellant because the court's Finding No. 6 is sufficient to support the conclusions of law and the judgment thereon. As we have already stated, the evidence clearly sustains a finding which, in effect, finds a failure of the consideration for which the deeds here involved were given with the consequent failure by the appellant to perform the condition subsequent upon which his interest in the realty depends. Where neither the conclusions of law nor the judgment of the trial court would be affected by the existence of an asserted conflict in the findings, the existence of such conflict is immaterial and no ground for reversal. *Bankers Surety Co.* v. *German Investment, etc., Co.* (1920), 189 Ind. 311, 323, 324, 126 N. E. 6.

The appellant also urges that the trial court erred in denying the appellant partition of the realty in question. It appears, however, that the court found that the appellant had no interest in such realty and that his claim to the realty was an adverse claim. Without a finding that the appellant had an interest in the realty, no partition thereof could have been ordered by the court.

Appellant further urges that the court's Finding of Fact Number 1, although of no material or evidentiary import, indicated that the decision of the trial court was motivated by sympathy for the appellee. Finding of Fact Number 1 relates that the "appellee is an elderly, uneducated woman, easily influenced." If, as appellant has stated, the statement contained in Fact Number 1 is of no material or evidentiary import, it would appear that the court in this

finding was merely making an observation, and, as such, such statement would be surplusage. In any event, we are unadvised as to any sympathetic motivation of the court in making such finding.

The other issue raised by appellee's complaint, other than the issue of consideration, was that the conveyance of September 10, 1946 was induced by fraud on the part of the appellant. There was no evidence of fraud presented by the appellee nor were there any facts presented from which a presumption of fraud could be legally inferred. The court not having made any finding of the existence of fraud, there was none. The burden of proof was on the appellee in this case to establish the existence of fraud, and when the special findings of fact are silent in respect to any material fact, it will be presumed that such fact was found against the appellee. *The First National Bank of Crawfordsville* v. *The Dovetail Body and Gear Co., et al.* (1895), 143 Ind. 550, 40 N. E. 810. Silence is equivalent to a finding against the party having the burden of proof. *Newman* v. *Newman* (1943), 221 Ind. 432, 48 N. E. 2d 455.

We are of the opinion that the decision of the court is sustained by sufficient evidence and that it is not contrary to law. Appellant has established no reversible error.

Judgment affirmed.

Gonas, C. J., Kelley and Bierly, JJ., concurring.

NOTE.—Reported in 159 N. E. 2d 590.